## M. TRIMBLE AND WIFE V. G. W. MILLER.

A petition on a joint note, against a husband and wife, which does not aver that the debt was contracted for the benefit of the wife's separate property, or any other fact that would authorize a judgment against her, presents no cause of action against the wife, and a judgment by default, against her, will be reversed.

ERROR from Caldwell. Tried below before the Hon. Alexander W. Terrell.

This suit was brought by G. W. Miller, against M. Trimble,

and his wife, Mary W. Trimble, on a note of $235, signed by the defendants, and one Alfred Johnson, which was set out in the petition, and expressed on its face the consideration for which it was given.

The note was, in form, joint and several; the judgment rendered was against the defendants for the amount of the note sued on, with interest, and an award of execution against them. The petition alleged no other fact as the basis of a recovery, than the execution of the note described, its maturity, non-payment, &c.; and showed on its face, that the defendant, Mary W. Trimble, was the wife of M. Trimble, at the making and delivery thereof. The other facts appear from the opinion.

*Rogan & White,* for the defendant in error.

ROBERTS, J.—This is a suit against husband and wife, on a note jointly executed by them, for the hire of a negro. Process was served and judgment by default taken, in the usual form of a general recovery of the principal and interest of the note.

There is no valid cause of action stated in the petition against the wife. (Kavanaugh v. Brown, 1 Texas Rep. 481.) The petition does not disclose that the debt was contracted for the benefit of the wife's separate property, or any other fact that would authorize a judgment against her. Judgment reversed and the cause remanded.

Reversed and remanded.