# W. B. and S. C. Covington v. John Burleson.

A citation must state the time of the holding of the court at which the defendant is summoned to appear. (Paschal's Dig., Art. 1431, Note 543.)

If a citation state an impossible time, as, for instance, "the second Monday after the tenth Monday in March," it is bad; and the defendant is not bound to appear in the District Court and there urge the defect in the citation.

If judgment by default be taken against a defendant on a citation, which commands him to appear at a wrong or impossible time, he may avail himself of the defect on writ of error in the Supreme Court.

It is the duty of the clerk to issue a citation for each defendant. (Paschal's Dig., Art. 1441, Note 548.)

When there are two defendants, each one must be served personally with a copy of the petition and of the citation, and this notwithstanding that the defendants are husband and wife.

A return by the sheriff that he had delivered a copy of the petition and citation to both defendants, instead of to each, shows an imperfect service, and the defect is vailable in the Supreme Court on writ of error to a judgment by default taken on such imperfect service. (Paschal's Dig., Arts. 1433, 5121, Notes 545, 1122.)

In a suit against a husband and wife on their joint and several note, it was error to render judgment by default against the wife, when the petition contained no averments showing that the debt was contracted for a purpose which could fix a liability upon the wife. (Paschal's Dig., Art. 4643, Note 1052.)

The plaintiff sued a husband and wife on their joint and several note, showing in his petition the conjugal relation existing between the defendants and setting out the note itself, which purported to be given for the purchase-money of a town lot. No averments were made in the petition, except general allegations of the execution, delivery, and non-payment of the note by the defendants, and of their alleged liability in consequence thereof: *Held*, that the petition disclosed no cause of action against the wife. (Trimble v. Miller, 24 Tex., 215, cited by the court; Paschal's Dig., Art. 1508, Note 594.)

Error from Lampasas. The case was tried before Hon. Edward H. Vontress, one of the district judges.

Covington sued Burleson and wife on their promissory note for $1,000, dated January 3, 1859, and payable January 1, 1861. The petition was filed on the 24th January,

1861. The petition represented, that "on the 3d day of January, A. D. 1859, W. B. Covington and S. C. Covington, his wife, both citizens of the county of Lampasas, and State of Texas, executed and delivered to your petitioner their joint promissory note in writing, in words and figures as follows, to wit:

"On or before the first day of January, A. D. 1861, we, or either of us, promise to pay John Burleson or bearer the sum of $1,000, which may be discharged in young stock or land at a fair cash valuation, for value received, it being a part of the purchase-money for lot No. 2 in block No. 16 in the town of Lampasas, Lampasas county, Texas, this 3d day of January, A. D. 1859.

"Attest:          (Signed)          W. B. COVINGTON,
"G. W. SCOTT.                        S. C. COVINGTON."

"By means whereof the defendants, W. B. and S. C. Covington, became indebted and are still liable to pay to your petitioner the aforesaid sum of $1,000, with interest thereon at the rate of eight per cent. per annum from due until paid. Petitioner would further represent unto your honor, that the defendants have not paid the said sum of $1,000, or any part thereof," &c. Prayer for judgment for the said sum with interest, "and that petitioner's vendor's lien be foreclosed," &c.

The citation required the defendants to appear at a term of the District Court to be held "on the second Monday after the *tenth* Monday in March, A. D. 1861." The return of the sheriff was as follows: "Came to hand January 26, A. D. 1861, and executed on the same day by delivering to W. B. & S. C. Covington in person a certified copy of petition and citation in my hands for service. January 26, A. D. 1861."

At the spring term, 1861, judgment by default was taken against both defendants for $1,033 32. The entry of the judgment proceeds to recite the award by the court of a writ of inquiry as to the enforcement of the vendor's lien;

24—XXVIII.

the finding by the jury of inquiry that the note was given for the purchase-money of the town lot as described; whereupon a decree was entered for sale of the lot, and providing that, if its proceeds should exceed the judgment, the excess should be paid to the defendants, but in case the proceeds should be insufficient to satisfy the judgment, the plaintiff should have execution against the defendants for the balance remaining unpaid on the judgment.

The defendants assign for error, that the return of the sheriff is not in conformity with the law, that defendants were not properly cited, that the citation required them to appear at an impossible time, and that the petition was too vague and uncertain to support the judgment.

*Hancock & West*, for the plaintiffs in error, cited 2 Tex., 422; 11 Id., 17; 16 Id., 554; 20 Id., 628, and 24 Id., 302.

No brief for the defendant in error.

Smith, J.—The plaintiffs in error were sued in the court below upon a note executed by them, and judgment was rendered against them by default. They were not bound to appear or to notice the proceedings had then against them until they were duly served with proper citations and copies of petition. (Thompson v. Bishop, 24 Tex., 302.)

The citation must state the time of the holding the court at which the defendants may be cited to appear. (O. & W. Dig., Art. 409; Paschal's Dig., Art. 1431, Note 543.) The time stated in the citation in this cause ("the second Monday after the *tenth* Monday in March, A. D. 1861") is an impossible date, and hence the time of holding the court was not stated, and for that the citation is defective. (11 Tex., 17.)

The plaintiffs in error were not compelled to appear in the District Court, and there urge this defect in the first instance. They can avail themselves of it here on writ of error. (2 Tex., 422.)

Each defendant must be served personally with a copy of the petition and of the citation. It is made the duty of the clerk to issue copies to each. (O. & W. Dig., Art. 408; Paschal's Dig., Art. 1430, Note 542.) And the sheriff must deliver to each defendant a copy of petition and the citation, (16 Tex., 554,) and in making his return he should "state the time and manner of service." (O. & W. Dig., Art. 412; Paschal's Dig., Art. 5121.) The return in this case is, that he delivered a copy of petition and citation to them both. This is an imperfect service.

The petition contains the averment that the note sued upon was executed by W. B. Covington and his wife, S. C. Covington; there are no averments that the debt was contracted for any purpose that could fix a liability upon her, and it was error to render a judgment against her for the debt. She does not appear to be at all liable. (Trimble v. Miller, 24 Tex., 215.)

The judgment is reversed, and the cause

REMANDED.