Statement of the case.

ALFRED B. MENARD ET UX. v. JOHN S. SYDNOR.

Where there is no such averment as would make the separate estate of the
wife liable for the debt, it is error to render a money judgment against her
on a joint contract with her husband. (Paschal's Dig., Art. 4643, Note
1052.)

A judgment must be warranted by the case made by the pleadings, and if it
be against such case, it will be reversed. (Paschal's Dig., Art. 1476,
Note 572.)

Where the suit was upon a deed of trust, under which the plaintiff had the
right to sell the land, first privately, and afterwards publicly, and to pay
himself his debt, and to pay the defendants the balance, but if the sale did
bring enough to pay the amount, then that lesser sum should be taken in
satisfaction of the debt, the failure to sell did not enlarge the rights of the
mortgagee, but he was bound by the whole terms of his contract.

As men bind themselves, so must they stand bound.

When the terms of a contract are free from ambiguity, and not such as are
against the policy of the law to enforce, they establish the rights of the
parties in the subject-matter, which will be protected and enforced by the
courts.

ERROR from Harris. The case was tried before Hon.
PETER W. GRAY, one of the district judges.

Sydnor sued Menard and wife, and, *in hæc verba*, set out
a deed of trust or mortgage, with the power to sell their
interest in the land conveyed within one year, at a price to
be agreed upon by the grantors, so as to reimburse to
himself $570 and interest thereon; but should not a sale
be made within the year, and on these conditions, then
Sydnor was to advertise and sell the land at public auction,
and if the land should bring more than enough to satisfy
the debt and interest, the overplus should be paid over to
the mortgagors; but if it should bring less than the debt,
then Sydnor should take the whole sum, and the debt
should be considered as settled. The petition averred
that the land was still unsold, and he prayed that the land
be sold to satisfy the debt and for general relief. The de-
fendants denied the allegations in the petition, and plead
that Sydnor had not complied with his contract. There

was judgment for the amount of the debt against the defendants, and a decree of foreclosure to sell the land, and that, should the proceeds of the sale be insufficient to satisfy the debt and costs, the plaintiff should have execution for the balance. The defendants prosecuted error, and assigned for error, that the judgment was not warranted by law, &c:, &c. There were no bill of exceptions or statement of facts; so that the question turned upon the points, first, could there be a general judgment against the wife upon the contract? second, could the court substitute a new contract between the parties in lieu. of the one which they had made for themselves?

*James Masterson,* for the plaintiffs in error.—We take it, that where it clearly appears from the face of the petition that one of the makers is a married woman, and was at the time of its execution, there should be such averments as would bind her separate property, under the statute and the construction given it by our Supreme Court, or such averments as would bind her separate property in equity; and, in the absence of such averments, the court should refuse to enter a judgment against her, particularly a money judgment.

"A petition on a joint note against a husband and wife, which does not aver that the debt was contracted for the benefit of the wife's separate property, or any other fact that would authorize a judgment against her, presents no cause of action against the wife, and a judgment by default against her will be reversed." (Trimble v. Miller, 24 Tex., 215; Haynes v. Stovall, 23 Tex., 625.)

But, aside from this, we submit that the court below erred in giving a money judgment against the defendants, or either of them, for this, that the petition seems to have been framed only with a view to have the deed of trust therein set out foreclosed. The suit is not upon a note, account, or in fact any money demand, and we submit

whether the court below (had the jury found that there was any deed of trust) ought, under the allegations of the petition, to have done more than decree a foreclosure. (Claiborne v. Tanner, 18 Tex., 68; May v. Taylor, 22 Tex., 349; Bledsoe v. Wills, 22 Tex., 650; McConkey v. Henderson, 24 Tex., 212.)

The plaintiff below, by accepting the deed of trust sued upon, became bound by the terms and conditions of that instrument. The deed of trust provides, in express terms, "that in the event that the land therein described should sell for less than a sufficiency to pay said debt and interest, the said Sydnor is to receive the whole amount for which the land shall be sold, and the debt shall be considered settled." We insist that the court erred in giving judgment of foreclosure in the manner provided by the statute for the foreclosure of mortgages.

No brief for the defendant in error has been furnished to the *Reporter.*

COKE, J.—There is neither statement of facts nor bill of exceptions in this case. Giving the judgment the benefit of all the presumptions that can possibly arise in its favor under the pleadings, by intending that all the evidence legally admissible was introduced by the appellee, and that no evidence was offered by the plaintiffs in error, we are of opinion that there is such error apparent upon the record as must operate its reversal.

It appears, very clearly, that Virginia Menard, one of the plaintiffs in error, was, at the date of the execution of the deed of trust, which is the foundation of this suit, and at the time this judgment was rendered, a *feme covert*, the wife of her co-plaintiff in error, and this judgment is rendered against her generally, and execution authorized to issue as well against her as against A. B. Menard, her hus-

band, for such amount as may be left unpaid by the sale of the land.

It is not pretended that there is any such allegation of facts in the petition as would make the debt sued for a charge on the separate estate of Mrs. Menard, without which, it is well settled, a general judgment against her cannot be sustained. (Lynch v. Elkes, 21 Tex., 230; Trimble v. Miller, 24 Tex., 215; Haynes v. Stovall, 23 Tex., 625.)

This error, if the only one, could be corrected, and the judgment reformed here, without sending the case back to the district court. But another objection is apparent which is fatal, and for which the judgment must be reversed. It is, that the verdict and judgment are utterly inconsistent with the pleadings and the only proof that was properly admissible under the pleadings. This suit was founded on the deed of trust. No note, or other evidence of the debt, is relied on or pretended to have existed. The deed of trust is set out, *in hæc verba*, in the petition. The only ground on which the verdict could possibly be predicated, under the pleadings, is upon the existence and verity of the deed of trust, as declared on in the petition. All the rights of Sydnor, as shown by the record, arise on and by virtue of that instrument. He bases his claim against the plaintiffs in error exclusively upon it, and the sole purpose of this action is to enforce its execution. He, as well as they, must therefore be bound by its terms. His rights, as well as their obligations, are defined and limited by it. No waiver, concession, or admission on the part of the plaintiffs in error can be presumed, because the judgment recites that they failed to appear, either in person or by attorney; nor is a predicate laid in the petition for the introduction of any other evidence than the deed of trust in support of the demand of defendant in error. The deed of trust is evidently intended to secure the money advanced

by Sydnor, by giving a lien on the land. By it Sydnor is authorized, at any time within twelve months from its date, to advertise, sell, and convey the land, at such price as may be agreed on between himself and the plaintiff in error, and out of the proceeds to pay himself the money advanced and interest, and pay over the excess. If a sale shall not be made in that way during that period, then Sydnor is authorized to sell the land at auction, after advertising. If the land shall bring more than the debt, the excess to be paid over. If it bring less, or just enough, in either event Sydnor is to retain the whole of the proceeds, and the debt to be considered settled. The evident intention of the plaintiffs in error, by these stipulations, was to protect their land from sacrifice, by retaining the power of fixing the price for which it might be sold during the first twelve months, and providing after this power passed from them, in effect, that Sydnor should guaranty that the proceeds of the sale should at least pay the debt, which, by acceptance of the terms, he clearly did. This undertaking of Sydnor's is, as much as any other, a part of the contract, and we cannot see why it should not be enforced as fully as to him as the other stipulations should be on the plaintiffs in error. If Sydnor had advertised and sold at auction, in accordance with the authority vested in him by the deed, after the lapse of the first twelve months, clearly by the terms of the deed of trust, if the land brought less than the debt, he would have taken the proceeds in satisfaction and full payment of the debt. He has certainly acquired no additional rights by coming into court to have an execution of the trust.

The defendant in error seeks the enforcement of a contract when it is beneficial, and he must stand to its terms when it is onerous. The defendant in error has a right to recover, according to the terms of the deed of trust which he relies on to establish his demand, and that is his principal debt and interest, if the land will bring it; if it will

not bring so much, then he can recover only what it will bring.

As men bind themselves, so must they stand bound. When the terms of a contract are free from ambiguity, and not such as are against the policy of the law to enforce, they establish the rights of the parties in the subject-matter, which will be protected and enforced by the courts. The terms of the instrument sued on in this case are clear, the intention obvious. It is such a contract as the parties had a right to make, and as should be enforced equally on all, according to its intent and meaning.

The judgment of the court below ignores the stipulations of the deed of trust, intended for the protection of the interests of the plaintiffs in error, and by construction removes the conditions of the lien on the land, which had been assented to by all parties, and was a part and parcel of the contract, and leaves it unconditional. For this error the judgment must be reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.