## A. M. HYPSE V. AVERY MANUFACTURING COMPANY.

Decided May 7, 1903.

**Contract of Sale—Right to Cancel—Public Policy.**

Where a purchaser's order for an engine contained a clause giving the seller the right to cancel the order at any time before shipment of the engine without liability for damages, and the seller accepted the order but afterwards refused to fill it, such refusal created no liability, such provision in the contract not being against public policy.

Appeal from the District Court of Jackson. Tried below before Hon. Wells Thompson.

*Guy Mitchell* and *John E. Linn,* for appellant.

*G. G. Kelley,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by A. M. Hypse against the Avery Manufacturing Company to recover damages for an alleged breach of contract to sell and deliver to the plaintiff an engine. The plaintiff alleged that on May 7, 1901, he gave a written order to the defendant for one of its 22 and 26 horse-power locomotives or traction engines to be shipped and delivered to him at Ganado, Texas, on or before May 10, 1901; that said order was made on a blank form printed and furnished by the defendant to its traveling agents, to be used in soliciting business, and contained clauses intended solely and only to protect the defendant's interests before acceptance by one of its general officers against unwise or hurtful agreements of traveling salesmen; that said order was duly accepted by the defendant's secretary in writing as follows: "This contract is accepted by us subject to the demands upon our capacity, fires, strikes and causes beyond our

control;" whereby it became a valid contract, subject to the terms of the acceptance to ship the said engine to plaintiff at Ganado, Texas.

A copy of the order was attached to the petition and made a part thereof. It was dated May 7, 1901, and was addressed to Avery Manufacturing Company, Peoria, Ill., requesting it to ship to the plaintiff on or before May 10, 1901, one 22 and 26 horse-power locomotive, for which the plaintiff agreed to pay in cash $500 and one 22 horse-power engine to be shipped at once to Peoria, freight paid, subject, among others, to the following conditions: "That this order is given subject to the acceptance of the Avery Manufacturing Company at Peoria, Illinois, by one of its officers, and contains all the agreements, verbal or written, between the purchaser and the company relative to this bargain of sale. It is agreed that the Avery Manufacturing Company has the right to refuse or cancel this order at any time before it delivers the machinery, and no claim for damages shall be made by either party. No local or traveling agent of the company is authorized to deliver machinery before settlement as herein provided." Other stipulations as to local or traveling agents were: "Local or traveling agents are authorized to take orders only on the blanks furnished by the company," etc. "The Avery Manufacturing Company will in no case be bound by the verbal agreements of any kind that are made by their travelers," etc. And the following: "In case of crop failure in his locality the purchaser reserves the right to countermand this order by giving written notice to the Avery Manufacturing Company at Peoria, Illinois, ten days prior to date of shipment, and agrees to pay ten per cent of the purchase price herein mentioned in case he should cancel this order and order another make of machine. Notice—The undersigned agrees (if requested by Avery Manufacturing Company), before delivery, to furnish additional satisfactory security or give them the privilege of declining to fill this order."

It was alleged that the plaintiff promptly moved the 22 horse-power engine to Ganado, at the expense of $40, for shipment to Peoria, and was ready and prepared to make the cash payment, but that the defendant, without legal or just cause, reason or excuse, refused to carry out its contract, and on May 29, 1901, notified the plaintiff of its refusal, to the plaintiff's damage $1976. Facts were alleged to show special damage, but it is not deemed necessary to set them out here.

A general demurrer and special exceptions to the sufficiency of the petition pleaded by the defendant were sustained by the trial court, and judgment was rendered in favor of the defendant.

The provision of the contract which gave the defendant the right to refuse or cancel the order at any time before the shipment of the engine without liability for damage was not against public policy, and was a stipulation which the parties might lawfully make. Tennant v. Fawcett, 94 Texas, 111; Menard v. Sydnor, 29 Texas, 257; Leader v. City of Austin, 1 W. & W. Con. Cas., secs. 439-441; Bietry v. City of New Orleans, 24 La. Ann., 21.

Other stipulations in the contract would seem unnecessary in view of the right of the defendant to refuse or cancel the order at any time before shipment, but the stipulation for the right to do so is plain and unmistakable and can not be disregarded. As a mere application for the purchase of the engine, the order had no binding force on the defendant, and there is no room for the contention that the stipulation was provisional only until the order should be accepted by the company through one of its general officers.

It is unnecessary to pass upon the sufficiency of the pleadings as to the measure of damages. The judgment of the court below will be affirmed.

*Affirmed.*