FIRST NATIONAL BANK OF BRIDGEPORT v. W. J. AKIN ET AL.

No. 3076. Decided December 2, 1918.

**Case Followed—Married Woman's Contract.**

The rulings in Red River National Bank v. Ferguson, ante, p. 287, are followed and held to control the disposition of this case. The Married Woman's Act of 1913 does not confer on her power to contract as surety for her husband on a note not given for necessaries, and she is not bound thereby. (P. 298.)

Error to the Court of Civil Appeals for the Second District on writ of error from Wise County.

The bank sued Akin and wife as joint makers of a promissory note executed December 2, 1914, and for foreclosure of a deed of trust given by both to secure it. Neither defendant answered and judgment was taken by default against both with foreclosure of the mortgage. Nellie P. Akin, the wife, brought the case to the Court of Civil Appeals on writ of error, asserting that she appeared on the face of the record to be a married woman, that there were no allegations charging her person-

ally or her separate estate with liability or calling on her to plead her disability. The appellate court reformed the judgment, disallowing the recovery against her except for the foreclosure. (194 S. W., 610.) The bank thereupon procured writ of error from the Supreme Court.

*McMurray & Gettys* and *H. F. Lobdell,* for plaintiff in error, cited: Acts of 1913, chap. 32; Speer's Marital Rights in Texas, secs. 148, 152; Spence v. Fenchler, 107 Texas, 443; Chase v. Swayne, 88 Texas, 218; Missouri, K. & T. Ry. Co. v. Mahaffey, 105 Texas, 394.

*Bumpass & Crumbaugh,* for defendant in error, cited: Lynch v. Elkes, 21 Texas, 229; Trimble v. Miller, 24 Texas, 215; Farr v. Wright & Hart, 27 Texas, 96; Covington v. Burleson, 28 Texas, 368; Menard v. Sydnor, 29 Texas, 257; Harris v. Williams, 44 Texas, 124; Howell v. McMurray Lumber Co., 132 S. W., 848; Red River National Bank v. Ferguson, 192 S. W., 1088; Akin v. Thompson, 196 S. W., 625.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

This case is ruled by the decision in Red River National Bank v. Ferguson, the question presented being the same.

The judgment of the Court of Civil Appeals is affirmed.

*Affirmed.*