## BESHEARS et al. v. TALBOT.  (No. 6768.)

(Court of Civil Appeals of Texas. San Antonio. May 24, 1922. Rehearing
Denied June 14, 1922.)

**Husband and wife &⟶239—Personal judgment against married woman held unauthorized.**

Where there is no special allegations in the pleadings affecting the status of coverture, a personal judgment against a married woman is unauthorized.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Action by Gayle Talbot against W. S. Beshears and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded for new trial.

A. B. Haworth, of Comanche, and Thompson, Barwise, Wharton & Hiner, of Fort Worth, for appellants.

Goodson & Nabors, of Comanche, for appellee.

COBBS, J. This suit was brought by appellee to recover from appellants the sum of $500, being the commissions alleged to be earned in procuring purchaser for the lands alleged to belong to appellants, who was willing to pay the price for same, or to exchange other property therefor. The purchaser was procured, and the sale was consummated. The suit was against W. S. Beshears, A. P. Beshears, Mrs. L. A. Beshears, and her husband, W. C. Beshears, and the prayer of the petition was for "judgment against each and all of the defendants for the sum of $500, with 6 per cent. interest from date and all costs of this suit, and that the judgment of this court adjudicate and establish an equitable lien upon the above-described premises for the satisfaction of the judgment sought and foreclosure," etc. The supplemental petition in so far as it seeks judgment is upon similar allegations, prayer, etc. The demurrers of appellants never having been called to the attention of the court were never acted upon. The answer, though full and special, is tantamount only to a general denial. The case was tried with a jury upon special charge given by the court, and upon their favorable answers to appellees a personal judgment was rendered for appellee in the sum of $522.50, with interest at 6 per cent. from date of judgment.

The appellants complain that the judgment against Mrs. L. A. Beshears is void because, upon the face of the pleadings, the suit, as against her, is a personal judgment against a married woman; there being nothing alleged in the petition to authorize such a judgment. Such judgments have many times been held unwarranted. Authorities: Trimble v. Miller, 24 Tex. 215; Farr v. Wright, 27 Tex. 96; Covington v. Burleson, 28 Tex. 368;

Menard v. Sydnor, 29 Tex. 257; Rhodes v. Gibbs, 39 Tex. 432; Shaw et al. v. Proctor (Tex. Civ. App.) 193 S. W. 1105; Aiken v. First Nat. Bank of Bridgeport (Tex. Civ. App.) 198 S. W. 1017; Shannon v. Childers (Tex. Civ. App.) 202 S. W. 1030; Spear on Marital Rights (2d Ed.) § 458.

There is some evidence introduced that tends to show that Mrs. L. A. Beshears was a feme sole at the time of making the contract and at the time of the suit, which, if it had been disclosed by the pleading, may have af-fected her liability.

We are also inclined that the evidence is not sufficient to sustain a judgment against A. P. Beshears. As there may be other tes-timony available to appellee and the plead-ings may be so amended and testimony intro-duced to justify a recovery against all the parties, the judgment of the trial court is set aside, and the cause is reversed and remand-ed for a new trial.