**GRAHAM et ux. v. CARMANY. (No. 567.)**

Court of Civil Appeals of Texas. Waco.
Sept. 29, 1927.

**1. Husband and wife ⬅️79—At common law, married woman had no capacity to contract.**

At common law, married woman had no capacity to enter into contract.

**2. Husband and wife ⬅️79—Right of married woman to contract is conferred by statute (Rev. St. 1925, art. 4613 et seq.).**

Rev. St. 1925, art. 4613 et seq., confers on married woman limited right to enter into contract.

**3. Husband and wife ⬅️229(3)—Allegation that contract was executed by married woman does not import liability on her part to personal judgment thereon.**

Mere allegation that contract was executed by married woman does not import liability on her part to personal judgment thereon, but there must be further allegations in order to show liability.

**4. Husband and wife ⬅️238(1)—Petition in suit upon note showing that maker was married woman and not showing execution pursuant to statute held insufficient to support default judgment (Rev. St. 1925, art. 4613 et seq.).**

Where petition in suit upon note showed on its face that sole maker thereof was married woman at time she executed and delivered same, and does not further show that note was executed in pursuance of authority conferred upon her by Rev. St. 1925, art. 4613 et seq., and for purposes contemplated thereby, *held*, that

petition was insufficient to support judgment by default.

Error from District Court, McLennan County; Giles P. Lester, Judge.

Suit by M. L. Carmany against J. D. Graham and wife. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

James P. Alexander and Harry Jones, both of Waco, and Gus Morris, of Gilmer, for plaintiffs in error.

Price & Miller, of Waco, for defendant in error.

GALLAGHER, C. J. Defendant in error, M. L. Carmany, instituted this suit in the district court to recover on a promissory note executed by plaintiff in error Mrs. Lula Lee Graham and to foreclose a deed of trust given to secure the same by said Mrs. Lula Lee Graham, joined by her husband, J. D. Graham, upon a tract of land situated in McLennan county. Plaintiff in error Mrs. Lula Lee Graham waived citation and her husband, J. D. Graham, was duly served with citation. Neither of them appeared nor answered in the cause, and judgment by default was taken by defendant in error against Mrs. Lula Lee Graham for the amount of said note, principal, interest, and attorney's fees, and against both the plaintiffs in error for a foreclosure of the lien created by said deed of trust on the land therein described. Said judgment is presented to this court for review by writ of error sued out by the defendants therein.

### Opinion.

Plaintiffs in error contend that defendant in error's petition is insufficient to support a judgment by default against Mrs. Graham, because it shows on its face that she was the sole maker of the note sued on and that she was a married woman at the time, and contains no averment that the same was executed for a debt contracted by her for necessaries furnished to her or her children, nor that the execution of the same was necessarily incident to the exercise of her power of management, control, and disposition of her separate property or of community property committed by law to her sole management, control, and disposition, nor that such execution was authorized by any other provision of law.

[1, 2] A married woman, at common law, had no capacity to enter into a contract. Her right to contract in this state is conferred by statute (Rev. St. 1925, art. 4613 et seq.), and such right is limited to contracts for necessaries furnished herself and children, contracts incident to her power of exclusive management, control, and disposition of her separate property and of certain specified portions of the community property committed by law to her exclusive management and

which are reasonably necessary to make such power effectual, and to contracts of suretyship for another in which she is joined by her husband. Whitney Hdw. Co. v. McMahan, 111 Tex. 242, 231 S. W. 694, 695, 696; Cauble v. Beaver-Electra Refining Co., 115 Tex. 1, 274 S. W. 120, 121; Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923 et seq.; Taylor v. Hustead & Tucker (Tex. Com. App.) 257 S. W. 232 et seq.; Aiken v. First Nat. Bank (Tex. Civ. App.) 198 S. W. 1017, 1018 (affirmed 109 Tex. 297, 206 S. W. 928); McIlhenny v. Eldridge (Tex. Civ. App.) 235 S. W. 244 (writ refused).

[3, 4] A mere allegation that a contract was executed by a married woman does not import liability on her part to a personal judgment thereon. There must be further allegations in order to show liability. A petition in a suit upon a promissory note which shows on its face that the sole maker thereof was a married woman at the time she executed and delivered the same, and does not further show that the same was executed in pursuance of authority conferred upon her by the statutes and for a purpose contemplated thereby, is insufficient to support a judgment by default. Trimble v. Miller, 24 Tex. 214; Covington v. Burleson, 28 Tex. 368, 371; Farr v. Wright, 27 Tex. 96; Menard v. Sydnor, 29 Tex. 257, 260; Cruger v. McCracken, 87 Tex. 584, 586 et seq., 30 S. W. 537; Gamel v. City Nat. Bank (Tex. Com. App.) 258 S. W. 1043, 1045; Shannon v. Childers (Tex. Civ. App.) 202 S. W. 1030, 1032 (writ refused); Poe v. Hall (Tex. Civ. App.) 241 S. W. 708, 711, 712; Beshears v. Talbot (Tex. Civ. App.) 241 S. W. 635, 636; Snyder-Bell Grocery Co. v. Hamilton (Tex. Civ. App.) 276 S. W. 752, 755; Hoffman v. Korp & Murray Tool Co. (Tex. Civ. App.) 251 S. W. 823, 824; Schenck v. Foster Building & Realty Co. (Tex. Civ. App.) 215 S. W. 877, 879.

The judgment of the trial court is reversed and the cause remanded.