**HART et ux. v. MARTIN et al.** (No. 2904.)

Court of Civil Appeals of Texas. Amarillo. Nov. 9, 1927.

**1. Husband and wife** &#8743;&#8743;239—In suit against community for land sale commission, petition alleging husband and wife's listing of wife's property without alleging contract for benefit of wife's separate estate would not support judgment against wife only.

In a suit brought by real estate brokers for land sale commission, where the petition alleged that the husband and wife listed the wife's property for sale, but did not allege that the contract was for the benefit of the wife's separate estate, such partition would not support a judgment against the wife only, even though the prayer of the petition was for judgment against the husband and wife "jointly and severally."

**2. Pleading** &#8743;&#8743;72—Prayer inconsistent with facts in pleadings held of no avail to enlarge pleadings.

A prayer inconsistent with the facts stated in pleadings relative to recovery of land commission *held* of no avail to enlarge the pleadings so as to permit the granting of relief beyond the facts alleged in the petition.

**3. Trial** &#8743;&#8743;351(2)—In real estate brokers' commission suit against community, court could not make supplemental finding contract was for benefit of wife's separate estate, where question not submitted or requested.

In a suit by real estate brokers against the community of husband and wife for commission for the sale of land, the court could not make a supplemental finding that the contract was for the wife's separate estate, where the jury found an enlistment contract by the community, and the question of whether the contract was for the benefit of the wife's separate estate was not submitted nor requested.

**4. Trial** &#8743;&#8743;357—Evidence of land listing contract by wife for separate estate's benefit would not support finding of enlistment by husband and wife.

In a suit by real estate brokers against the community of husband and wife for a land sale commission, where the only evidence introduced upon the trial was of an enlistment contract made by the wife for the benefit of her separate estate, a jury finding of enlistment by the husband and wife was unsupported by the evidence, and should have been set aside.

**5. Trial** &#8743;&#8743;174—Refusing peremptory instruction for defendants held proper, in absence of general demurrer or variance objection.

Where, in a real estate broker's action against husband and wife for land sale commission, the court refused a peremptory instruction for defendants, such refusal *held* proper, in absence of a general demurrer or objection on the ground that the contract proved varied from that set out in the petition.

Appeal from District Court, Potter County; W. E. Gee, Judge.

Suit by J. B. Martin and others against Fred B. Hart and wife. Judgment for plaintiffs as against Mrs. Hart, and defendants appeal. Reversed and remanded, with instructions.

William Boyce and William Q. Boyce, both of Amarillo, for appellants.

W. S. Birge, of Amarillo, for appellees.

HALL, C. J. Martin and others, as real estate brokers, brought this suit against Hart and wife to recover commission alleged to be due them from defendants, on a sale of certain real property described in the petition, and which plaintiffs allege was listed with them by the defendants.

Issue was made as to the enlistment and as to whether plaintiffs were the procuring cause of the sale.

There was a trial to a jury, and the court, having overruled defendants' request for a peremptory instruction, submitted the case to the jury on special issues. The jury found as follows: (1) That the defendants listed the property with the plaintiffs for sale; (2) that the plaintiffs were the procuring cause of the sale.

In addition to the findings of the jury, the court found that the property belonged to the separate estate of Mrs. Hart; that the sale was for the use and benefit of her separate estate, and that the usual commission for effecting a sale of real estate is 5 per cent., and rendered judgment that the plaintiffs take nothing against the defendant Fred B. Hart, and that they recover judgment for the commission against Mrs. Hart.

That part of the petition necessary to the consideration of the errors urged here may be briefly stated as follows:

The declaration is against "Fred B. Hart and his wife, Mrs. Fred B. Hart, as defendants," and alleges that on June 1, 1926, the defendants represented to the plaintiffs that they were the owners in fee simple, in their own right and stead, of certain property in Amarillo, Tex., and particularly described, and that the defendants were desirous of selling said premises, and on or about said date, and at divers times prior thereto, expressly listed said premises with the plaintiffs for sale; that it was agreed and understood by and between the plaintiffs and defendants that

the plaintiffs should procure a purchaser for the defendants and bring about and cause a sale to be made for the defendants, of the above-described premises, and, in consideration of the services thereby to be rendered by the plaintiffs for defendants, the latter were to pay unto the former 5 per cent. commission on the amount of the selling price of said premises, said sum to be paid to plaintiffs by defendants, when the sale was closed.

The petition then proceeds to allege that the plaintiffs procured for the defendants a purchaser for said premises at a price acceptable to defendants, and that, as a consequence of the rendition of such service, the plaintiffs are entitled to recover against the defendants and each of them, jointly and severally, the commission alleged to be due under the facts stated. The petition also ends with a prayer for general relief.

The first proposition urged is that the petition, having alleged the ownership of the property to be in defendants Hart and wife, and a contract of enlistment having been made by them with plaintiffs, without any allegation that the contract was for benefit of the separate estate of the wife, sets up a cause of action against the community, and will not support a judgment against the wife or her separate estate.

[1] This proposition must be sustained. The rule is settled in this state that, where a petition shows that one of the defendants is a married woman, it is necessary, in order to state a cause of action against her, that it also disclose that the debt was contracted for the benefit of her separate property or some other fact that would authorize a judgment against a married woman, under the provisions of the Texas Statutes. Gamel v. City Nat. Bank of Colorado, Texas (Tex. Com. App.) 258 S. W. 1043; Beshears v. Talbot (Tex. Civ. App.) 241 S. W. 635; Fisk v. Warren (Tex. Civ. App.) 248 S. W. 406; Borchers v. Fly, 114 Tex. 79, 262 S. W. 734; Schenck v. Foster Building & Realty Co. (Tex. Civ. App.) 215 S. W. 879; Haynes v. Stovall, 23 Tex. 626; Trimble v. Miller, 24 Tex. 215; Menard v. Sydnor, 29 Tex. 257; Milburn v. Walker, 11 Tex. 329; Covington v. Burleson, 28 Tex. 368; Rhodes v. Gibbs, 39 Tex. 432; Red River Nat. Bank v. Ferguson, 109 Tex. 295, 206 S. W. 923.

As against this contention, the appellees insist that, because the prayer of their petition is for judgment against Hart and wife, "jointly and severally," a judgment against the wife was authorized.

It is true that the prayer is against both defendants, jointly and severally, but it also ends with a prayer for general relief, and, under such circumstances, the cause of action is disclosed by the facts stated, although there may also be a prayer for specific relief, and the facts alleged do not warrant the special relief prayed for. Griner v. Trevino (Tex. Civ. App.) 207 S. W. 947.

[2] A prayer cannot change the legal effect of the facts alleged in the charging part of the petition. Wilks v. Kreis, 63 Tex. Civ. App. 527, 134 S. W. 838.

The prayer must conform to the facts stated in the pleadings. If inconsistent therewith, it is of no avail. Milliken v. Smoot, 64 Tex. 171.

Relief cannot be granted upon a prayer beyond that which is authorized by the facts alleged in the petition. McIlhenny Co. v. Todd, 71 Tex. 400, 9 S. W. 445, 10 Am. St. Rep. 753.

The plaintiff must recover in the right in which he sues and upon the facts stated in his pleadings as the basis of that right, and cannot recover through a right adverse to or not asserted therein, it matters not what the prayer of the petition may be. Owen v. Tankersley, 12 Tex. 405; Hatchett v. Conner, 30 Tex. 104; Holloway v. Holloway, 30 Tex. 164; Hutchins v. Bacon, 46 Tex. 408.

[3] The next contention of the appellants is that, under a petition setting up a cause of action against the community and jury finding of an enlistment contract by the community, a judgment against the separate estate of the wife, on supplemental finding by the court that this contract was made for the use and benefit of the separate estate of the wife, was unauthorized, and should be set aside.

We think this contention is also sound. The jury found that the defendants listed the property with the plaintiffs. The court made this additional finding:

"And it further appearing to the court that the property described in plaintiffs' original petition belongs to the separate estate of Mrs. Fred B. Hart; that the defendant, Fred B. Hart, had no interest therein whatsoever; that the listing and sale of said premises was made for the use and benefit of the estate of Mrs. Fred B. Hart's separate property."

No judgment was rendered against Fred B. Hart, but the decree is that the plaintiffs recover of and from Mrs. Hart the sum of $1,165.

It is held in Citizens' National Bank of Brownwood v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331, 337 (5), that:

"In a trial by jury on special issues there must be an affirmative finding on every issue necessary to support the judgment. The power of the judge to make findings where none are submitted or requested, does not extend to independent grounds of recovery or defense, but only to incidental or subsidiary findings necessary to support the judgment in connection with the issues in fact submitted to and found by the jury."

The above-quoted finding by the court transgresses this rule, and the facts found and judgment rendered in accordance therewith are inconsistent with the finding of the jury, and not supported by any pleadings.

[4] The next contention is that, where the only evidence introduced upon the trial was of an enlistment contract made by the wife

for the benefit of her separate property, a jury finding of enlistment by the husband and wife was unsupported by the evidence, and should be. set aside.

We sustain this proposition. If this evidence had been objected to upon the ground of variance, we think the court should have sustained the objection, but the fact that it has been admitted and is wholly irrelevant and incompetent, under the issues made by the pleading, did not warrant the court in basing his findings of fact and judgment upon it.

"When the Appellate Court comes to apply the law to testimony constituting the facts of the case, it can only base its conclusion upon such testimony as is under the law competent. That which is not competent testimony should be given no probative force. The admission of such testimony is no talisman to give effect to that which is irrelevant and incompetent to sustain or deny a material issue in a case." Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; W. L. Moody & Co. v. Rowland, 100 Tex. 363, 99 S. W.· 1112.

[5] We do not assent to the fourth proposition, which asserts that the court should have peremptorily instructed the jury to find for the .defendants. It does not appear from the record that a general demurrer was urged to the petition or that any objections were.made upon the ground that the contract proven varied from that set out in the petition.

While it is clear that the judgment must be reversed, we' believe that the ends of justice demand that the cause be remanded for another trial, for the purpose of permitting the plaintiffs to amend their petition in accordance with the facts proven, if they see fit to do so. It is therefore ordered that the judgment be reversed and the cause be remanded, with instructions that plaintiffs be permitted to amend, if they desire to file an amended petition.

Reversed and remanded, with instructions.