Katherine L. HARRIS, Appellant,

v.

Jack A. WELLS, Appellee.

No. 13509.

Court of Civil Appeals of Texas.

Houston.

May 12, 1960.

Bettye J. Lambert, Houston, for appellant.

No brief filed for appellee.

WERLEIN, Justice.

This suit was brought in the court below by appellee, Jack A. Wells, against Taft W. Harris and wife, Katherine L. Harris, appellant, upon an unsecured promissory note signed by Taft W. Harris, but not by appellant. A default judgment was taken against both appellant and her husband. Appellant has perfected her writ of error from the court's judgment insofar as it decrees any recovery against her.

Although the judgment of the trial court recites that "Plaintiff's suit is based upon a promissory note signed by said Defendants * * *" the note attached to the judgment evidences unmistakably that it was not signed by appellant. The Negotiable Instruments Act, Art. 5932, § 18, Vernon's Ann.Texas St., specifies, "No person is liable on the instrument whose signature does not appear thereon, except

as herein otherwise expressly provided * * *." In this case no exception is shown which would make appellant liable on the note in question.

The present suit was based upon the note and there is no allegation made in the petition that the debt sued upon was incurred for or in·connection with appellant's separate property or for necessaries or for any other purpose which under the law would permit or justify the rendition of a personal judgment against her. It was error, therefore, for the court to render judgment against appellant. See Graham v. Carmany, Tex.Civ.App.1927, 2 S.W.2d 467. Even if appellant had signed the note, she would not be liable thereon under the facts of this case. See Trimble v. Miller, 24 Tex. 214, 215; Covington v. Burleson, 1866, 28 Tex. 368.

In Perkins v. Compton, Tex.Civ.App. 1933, 61 S.W.2d 575, 577, the court stated, in reversing a judgment by default rendered against a married woman:

"The petition showing that Mrs. Jennie Perkins was 'one of the makers of the contract, that she was a married woman at the time she executed it, and not showing further that it was executed in pursuance of any authority conferred upon her by the statutes, and for any purpose contemplated thereby, is insufficient to support a judgment by default against her."

In Giles v. First National Bank of Brownfield, Tex.Civ.App.1953, 257 S.W.2d 945, 946, the court had before it a promissory note signed by a married woman and her husband, upon which a default judgment had been taken against her. The court stated:

"It is well established in this state that when a petition shows that the defendant is a married woman that it must show the grounds of her liability. * * * No place did the plaintiff attempt to plead that the debt was contracted for the benefit of the wife's

separate property or any other fact that would. authorize a judgment against her."

See also .Matthews v. First State Bank, Tex.Civ.App.1958, 312 S.W.2d 571, ref., n. r. e.

The judgment of the trial court, insofar. as it decrees any recovery against appellant, Katherine L. Harris, is reversed and rendered.