C. Y. HUTCHINSON AND WIFE V. A. UNDERWOOD.

The separate property of the wife cannot be charged on an account made, or on a note executed by her jointly with her husband, for necessaries purchased for her husband, or for other members of her family than herself and children.

The case of Magee v. White, 23 Tex. Rep., 180, cited and approved.

ERROR from Gonzales. Tried below before the Hon. Fielding Jones.

This suit was brought by A. Underwood, the defendant in error, against C. Y. Hutchinson and Virginia A. Hutchinson his wife, the plaintiffs in error, on a note executed by them jointly.

The petition alleged that the consideration of the note sued on, was necessaries furnished Virginia A. Hutchinson at her request, for herself and children, and for the benefit of her separate property; that C. Y. Hutchinson her husband, was insolvent, and there was no community property; and prayed for execution against the separate property of the wife. The wife pleaded general denial, and denied that the note was given for necessaries furnished as alleged. On the trial, evidence was introduced tending to prove the allegations in the petition of plaintiff. The charge of the court and verdict of the jury, are stated in the opinion of the court. Judgment was rendered subjecting the separate property of the wife to the satisfaction of the same. The motion for new trial was overruled, and the defendants prosecuted their writ of error.

*Stewart*, for plaintiffs in error.

*Harwood & Tevis*, for defendant in error.

MOORE, J.—In this case the jury were instructed by the court, if they "believed that the consideration of the note sued on, was articles suitable for and necessary for the family, and children, and the separate property of Mrs. Hutchinson, and bought at her request," they should find a verdict against her; and also, "you should find in your verdict whether the note was given for articles for the use of the family." The jury in response to this charge, returned the following verdict: "We, the jury, find for the plaintiff the amount of the note sued on; also, that the articles were for the use of the family." Under the view of the law taken by the court below, it will be perceived, that the wife's separate property may be charged on an account made, or a promissory note executed by her for necessaries for her husband, or other members of the family than himself and children. Whatever difference of opinion there may formerly have been upon this question, the law upon it must now be regarded as settled by this court, against the rule laid down in the instructions given to the jury in this case. (See Magee v. White, 23 Tex., 180; Brown v. Ector, 19 Tex., 346.) The judgment is reversed and the cause remanded.

Reversed and remanded.