## MARILLA PERKINS v. GEORGE BAKER.

1. The wife is liable to pay the value of materials used in the improvements beneficial to her separate property, the title to which is in a trustee, when, by the wife's consent, the trustee permits the husband, as his agent, to manage the property and contract debts in the trustee's name.
2. While equity protects the estates of married women from illegal and fraudulent encroachments, it will not, at the same time, suffer the holders of such estates to deny the payment of a just debt created solely for their benefit, and from which they derive substantial advantage.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Suit brought to recover on a note alleged to have been executed for brick and other materials furnished in improving real estate in the city of Houston claimed as the separate property of appellant. The pleadings are quite voluminous, to which various exceptions were taken, which it is unnecessary, in view of the opinion, to notice in full. The appellee and plaintiff below averred, by amended petition, that James Hosmer Perkins, husband of appellant, had control, management and agency of the property by consent and for the benefit of appellant and one Mary Williams, under a fraudulent deed made to James Perkins; that he acted as the agent of the said James Perkins, who held for their joint benefit under a deed from J. E. Kerby, and for the benefit of appellant; that he controlled and improved said property with the knowledge and consent and for the benefit of appellant; that James Hosmer Perkins was wholly insolvent, and that he fraudulently caused the title to be made to and represented James Perkins to be the owner of the property, and contracted with plaintiff, on the faith of such ownership, in the name of said James, who was a non-resident of Texas, for the purpose of cheating and defrauding, etc., for the benefit of said appellant, his wife; that the material furnished was necessary and proper for the improvement of the property; that said James Perkins did not consider himself responsible for debts contracted by said James Hosmer for and on account of the property so conveyed by him, and did not intend by his power of attorney to said James Hosmer that he should contract debts binding on him personally—all of which was concealed from and unknown to plaintiff at the time. Appellant further charged that James Hosmer acted fraudulently in the name of James Perkins, but

really and in fact for the benefit of his wife, the appellant. Plaintiff further charged that James Hosmer Perkins was, at the time of contracting the debt, insolvent, and left no estate at the time of his death, but that appellant had received a sum of money equal to appellee's claim from her husband's estate, as the share by inheritance of said James H. Perkins as one of the children of said James Perkins.

The appellant and defendant, among other things, alleged that the property (which was improved by material furnished by appellee) was never in fact the property of James Perkins, but was the separate property of Mary Williams and herself, and stood in the name of the said James Perkins solely as a naked trustee; that he never claimed it as his own, but always recognized the rights of defendant and her sister, Mary Williams. She denied that she ever, either in person or by agent, contracted the debt to Baker.

It appears that subsequent to the date of appellee's claim James Perkins conveyed the property on which the material furnished was used to Mary Williams, which conveyance, the appellant claimed, was intended to vest the legal title for the benefit of Mary Williams and herself. The appellee, before the institution of this suit, probated his claim as a claim against the estate of James Perkins, deceased.

It further appeared in evidence that James H. Perkins bought at administrator's sale certain lands, part of the estate of Proctor B. Hosley; that he paid at least in part for these lands with the receipts of his wife, Marilla Perkins, and her sister, Mary Williams, as heirs of Hosley, for their distributive portions of that estate, and that the lots in Houston were purchased with the lands so acquired.

The court gave, among others, the following instruction, viz. :

"If you believe and are satisfied from the evidence that the consideration of the note in evidence was brick, sold and delivered by plaintiff to James H Perkins, as the agent and attorney in fact of James Perkins, for the purpose of building on the town lot or lots in Houston then standing in the name of said James Perkins; and if you find that at the time of sale and delivery of the brick (the consideration of the note), Baker had no notice of any equitable claim of said Mary Williams and Marilla Perkins in and to the lot or lots in Houston, but gave credit to James H. Perkins as the agent of James Perkins; and if you further find from the evidence that said brick (if you find brick was the consideration of the note in evidence) were used in building on said lot or lots, and that the same were benefited thereby, then, as between Baker and Mary Williams and defendant, Baker's rights are not to be affected by the state of the title as between them and James Perkins, but the deed to Mary Williams, if intended only to vest the legal title in her for herself and defendant, was subject to the rights of Baker. If, however, the credit was given to James H. Perkins individually, and not as agent of James Perkins, or if Baker knew of the state of the equities existing between James Perkins and Mary Williams and defendant, or if he, by the use of ordinary care and diligence, might have known of such equities, then find for defendant."

There was a verdict and judgment for plaintiff for $7094.86, from which defendant appealed.

*Stewart & Barziza,* for appellant.—The appellee, George Baker, was estopped from proceeding in the manner attempted against appellant after he had procured his claim to be probated against the estate of James Perkins.

When George Baker signed his name to the affidavit authenticating his claims against the estate of James Perkins, this constituted an estoppel by deed; and the probating of his claims in judgment constituted an estoppel by record. (See Herman on Estoppel, 107, 350; the Duchess of Kingston's case, 2 Smith's Leading Cases, and the American Notes, commencing at page 545; Canal Co. v. Hathaway, 8 Wendell, 483; Swenson v. Walker, 3 Texas, 98; Guess v. Lubbock, 5 Texas, 535; Thomas v. Greer, 6 Texas, 378; Page v. Arnin, 29 Texas, 70; Teal v. Sevier, 26 Texas, 516; Williams v. Chandler, 25 Texas, 4; Love v. Fox, 17 Texas, 319; Parker v. Campbell, 21 Texas, 763; Jackson v. Parkhurst, 9 Wendell, 209.)

That the probating of the claims against the estate of James Perkins was putting them in judgment, has been always held by our Supreme Court (Finley v. Caruthers,· 9 Texas, 517; Neil v. Hodge, 5 Texas, 489); and that such judgment is conclusive, has also always been held by our Supreme Court. (Foster v. Wells, 4 Texas, 101; Weathered v. May, 4 Texas, 387; Love v. Barber, 17 Texas, 312.)

Whatever alleged claims George Baker might have had against Marilla Perkins are merged into the note and account sued on, because George Baker accepted the note of James Perkins and made out the account against the estate of James Perkins, and had them both put in judgment. (Herman on Estoppel, 30, 83, 189; 1 Story's Eq., § 160; Mumford v. McPherson, 1 Johns. Reports, *418; Parkhurst v. Van Cortlandt, 1 Johns. Ch. R., *282; Cro. Car., 415; Raym., 449; 2 Jones, 158; 1 Bur., 9; 5 Com. Dig., Tit. Plead., 2 G., 12; Stampers v. Johnson, 3 Texas, 6; Mason v. Eldred, 6 Wallace, 231, and authorities cited in the opinion of the court; 16 Cal. Rep., 381; Smith's Manual of Equity, 47.)

All the cases show that the intention of the wife to

charge her separate property must be clearly proved. (Cartwright v. Hollis, 5 Texas, 159; Hollis v. Francois, 5 Texas, 197; Magee v. White, 23 Texas, 137, and all the authorities there cited.) How could she intend to charge her separate property, when appellee says she did not own it at the time?

We beg to direct the attention of the court, that in all the cases where expressions occur about the right of a wife to bind her separate estate in equity, they relate to necessaries for the family of the wife, and one case for necessaries for her negroes; the court will further observe that the case of Cartwright v. Hollis, 5 Texas, and the other cases which speak of a wife binding her separate property in equity, are where the estate of the wife was created by means of trustees, and not by statute. There may be some reason to apply the English or equity rule in cases of estates created by means of trustees, but that reason does not hold good in cases created by statute. (See Stansbury v. Nichols, 30 Texas, 145.)

The court will further note the fact that in the cases referred to and cited in the two cases in 5 Texas, the only relief sought was to charge the rents and revenues of the separate estates; but in the case at bar it is attempted to sell the *corpus* of property, worth about $85,000, to pay a debt of about $6000; and yet this is said to be an appeal to equity!

The separate estate of Marilla Perkins cannot be held bound, unless it is alleged and proved that she herself contracted the debt, or some one did it for her who was authorized, and that it was for necessaries for herself or children, or separate property. None of this was alleged; on the other hand appellee admits, both in his pleadings and in his sworn affidavit to the claims, that he gave credit to James Perkins, in his individual capacity, and not as

agent for Marilla Perkins.   (Haynes v. Stovall, 23 Texas, 627.)

It has been alleged and fully proved that the property mentioned was held by James Perkins only in trust, and this is what we wanted the court below to recognize and charge the jury upon.

The doctrine of resulting trusts is recognized and approved by the highest authorities in England and America.

It does not matter what are the recitals in the various deeds down to Marilla Perkins; if the truth is that James Perkins held the property in trust, then it cannot affect the right of the beneficiaries.

Parol evidence is always admissible to show that a deed, absolute on its face, was a trust or mortgage. (Hilliard on Real Prop., 291, 342 ; Millican v. Millican, 24 Texas, 426 ; Groom v. Rusk, 27 Texas, 234, and cases therein cited ; Oberthier v. Stroud, 33 Texas, 524.)   In this last case Justice Walker, delivering the opinion of the court, says :   "A resulting trust is protected against the operation of the registration laws."

We beg leave to invite the attention of the court to the following authorities upon the subject of implied or resulting trust: 13 Texas, 188 ; 20 Texas, 393 ; 19 Texas, 110 ; 33 Texas, 524.   On fraudulent conveyance : 1 Texas, 362 ;  5 Texas, 367.   And the following are decisive of several of the questions presented in the brief : 60 Barbour, N. Y., 292 ; 37 Barbour, N. Y., 42 ; 29 Barbour, N. Y., 484 ; 28 Barbour, N. Y., 622 ; 32 New York Reports, 649 ; 24 New York Reports, 623 ; 10 Paige, 618 ; 8 Paige, 161 ; 3 Paige, 440.

*Gray & Botts*, for appellee.—1. The lands of Hosley's estate, when sold by the administrator in 1845 and purchased by James Hosmer Perkins, became, upon the face

of the record, community estate, and when used in the purchase, by him, in 1858, of the Houston House property in the name of his father, whatever trust there may have been was for the benefit of the community estate, and was not Marilla Perkins' separate estate, to be governed by the statute, as a married woman.

2. Parol evidence of such a secret trust is not sufficient nor competent against creditors who furnished materials to the party holding the title for the improvement of the property, in total ignorance of the pretended trust.

3. If such a trust could be so established, yet the beneficiary's property so improved would be liable for the value of materials bought by the trustee with the knowledge and consent of herself and husband. Indeed, that equity will not allow such a trust to be established so as to defeat the equal equity of a creditor of the trustee holding the legal title.

These propositions, in addition to that of fraud in the whole transaction, were those discussed in the court below. We now present another, necessarily arising on the record, to-wit:

4. The pretended deed from James Perkins, by James Hosmer Perkins, to Mary Williams, made in May, 1861, and recorded in September, 1861, after the civil war began, under power of attorney given in 1852, was null and void, because James Perkins was a citizen of New York or California, and James Hosmer Perkins and Mary Williams were both then citizens of Texas, and the power to act was revoked by the laws of war and the laws of the United States. Therefore we say that the title of James Perkins has never yet passed to Mary Williams or to Marilla Perkins from her, and that equity will not permit it to pass to them until the debts contracted for their benefit by the trustee shall have been paid. (See 1 Kent's Com., p. 67; Griswold v. Waddington, 16 Johnson, 458,

483; see also Billingery v. Branch & Sons, 8 Am. Law Reg., N. S., 334 ; The Ouachita Cotton Cases, 6 Wallace, 527; Coppell v. Hill, 7 Id., 554 ; McKee v. United States, 8 Id., 163 ; United States v. Grassmeyer, 9 Id., 72 ; Semmes v. Hartford Ins. Co., 13 Id., 158 ; and others in same court.) The case of the *Protector*, 12 Wall., 700, shows the dates at which the war is held to have commenced and ended.

WALKER, J.—Regarding this case in whatever light we may, we think it has been rightly determined in the District Court.

If the property in question be the separate property of Mrs. Marilla Perkins, there is still no question but that her husband, with her knowledge, caused the title to be made to James Perkins, her father-in-law, who held it in trust for her use ; but James H. Perkins, her husband, was permitted to manage the estate, and contract debts in the name of the trustee. In this manner the debt for which this suit is prosecuted was contracted. Were it a debt from which the trust estate had derived no benefit, or if it were such a debt as the trustee would have been wholly unauthorized to contract without the direction of a court of chancery, we should then scrutinize the powers of the trustee, and examine the relations of the parties very closely ; but the debt was contracted for building material, which went into the construction of valuable and permanent buildings, from which the appellant is deriving large rents and profits. Perhaps no use could have been made of the same amount of money which would have resulted more to her advantage.

If equity protects the estates of married women from illegal and fraudulent encroachments, it will not at the same time suffer the holders of such estates to deny the

payment of a just debt, created solely for their benefit, and from which they derive substantial advantages.

It is unnecessary for us to notice the pleadings in this case. It may be that the case, through ignorance of the facts, or from some other cause, may not have been presented to the court in an unexceptionable manner ; but the case was fairly enough before the court to authorize its equitable and legal determination.

The charge as given by the court to the jury could not have misled them. The facts were simple, and there was no difficulty in applying the law to them.

The judgment of the District Court is affirmed.

Affirmed.