## H. A. HARRIS v. J. K. AND L. M. WILLIAMS.

1. LIABILITY OF WIFE'S SEPARATE PROPERTY FOR DEBTS.—Such liability only exists for necessaries furnished the wife, or, on her authority, for herself or children, or for the benefit of her separate estate, which are reasonable and proper.
2. SAME—RENT FOR HOUSE.—Where the husband has no separate estate, and there is no community property, and the wife rents a house for the use of herself and family, such rent is a charge upon her separate estate if the sum be reasonable in amount.
3. SAME—PLEADING.—Without special exception the absence of the averment that the charge is reasonable will not be noticed.

APPEAL from Harrison. Tried below before the Hon. M. D. Ector.

Harris sued Williams and wife on a promissory note exe-cuted by them for the rent of a dwelling house, as alleged in the petition, for the necessary use of the wife and her children, defendants owning no dwelling house, the husband having no separate property, and there being no community property, the credit being extended to the wife, and the house leased on her going on the note sued on. It was sought to make the wife's separate property liable.

Demurrer to the petition was sustained, and Harris appealed.

*Turner & Lipscomb*, for appellant.

*J. M. Hall*, for appellees.

MOORE, ASSOCIATE JUSTICE.—On a thorough review and full consideration of all its previous decisions it was held by this court, in the case of Magee *v.* White, 23 Tex., 180, that the wife's statutory estate is not controlled by or subject to the same rules which are applied by courts of chancery to estates limited to the sole and separate use of married women in England, and that the wife's separate estate can only be held liable for debts contracted by the wife her-

self, or by her authority, for necessaries furnished herself or children, or for expenses incurred by her for the benefit of her separate property, and when such debts or expenses are reasonable and proper. The wife is under no legal obligation to maintain the husband out of her separate estate. It is the duty of the husband to support his wife and children. Hence the wife's estate cannot be charged with necessaries for the husband or with debts contracted by him for the support of the family when not acting as her agent. (Haynes v. Stovall, 23 Tex., 625.)

In the case of Hutchinson and Wife v. Underwood, 27 Tex., 255, which was a suit on a note executed jointly by the husband and wife, as alleged in the petition, for necessaries furnished at the request of the wife for herself and children and for the benefit of her separate estate, without making any comment on the petition, the judgment was reversed because, as said in the opinion, "Under the view of the law taken by the court below it will be perceived that the wife's separate property may be charged on an account made or a promissory note executed by her for necessaries for her husband or other members of the family than herself and children." This was held to be in conflict with the law as settled in the case of Magee v. White. The objection to the judgment, it will be observed, was not that it was on a joint note by the husband and wife, but that her estate was charged for necessaries for the family instead of necessaries for herself and children; and though a valid cause of action against the wife might have been alleged, it was not established by the verdict.

If the debt for which the note is given is alleged to have been contracted by the wife herself or by her authority, and is such an one for which by the statute she may charge her separate estate, and it is reasonable and proper, a suit may be maintained; and on a judgment being recovered, the execution may be levied upon either the common property or the separate property of the wife, at the discretion of the

plaintiff—a rule that has been often recognized if not directly decided by the court. (Paschal's Dig., art. 4644; Lynch v. Elkes, 21 Tex., 230; Trimble v. Miller, 24 Tex., 214; Covington v. Burleson, 28 Tex., 368; Menard v. Sydnor, 29 Tex., 257; Stansbury v. Nichols, 30 Tex., 145; Smotridge v. Lovell, 35 Tex., 58; Perkins v. Baker, 38 Tex., 45.)

In the case of Rhodes v. Gibbs, 39 Tex., 432, involving the power of the wife by mortgage or deed of trust, executed by herself and husband and duly acknowledged under the statute, to charge her separate property for debts of the husband, her liability on contracts not thus executed is clearly and in the main correctly stated in the very able opinion of Mr. Justice McAdoo. He says: "That a married woman can make no simple contract, even in writing, either alone or jointly with her husband, which will bind her, upon merely tendering in proof the contract, is too well settled to admit of discussion. This court has so held the law to be in a long line of decisions. It has been uniformly held that such a contract must have been made by the wife or by her authority, and that the consideration of the contract was for necessaries for herself and children or for the use and benefit of her separate property. In other words, a married woman, by simple contract expressed or implied, does not by operation of law create a liability against her which binds her separate estate, but if the debt be for necessary supplies for herself and children or for the benefit of her separate property, and the husband is insolvent, it has been held that the law itself imposes a liability against her which will reach her entire separate estate."

It remains to inquire whether it sufficiently appears from the plaintiff's petition and amended petitions that the note upon which the suit is brought was given in consideration of a debt for which the wife's separate property may be charged.

The husband it is alleged has no separate estate and that there is no property belonging to the community; that the

defendants have no home or dwelling place of their own in the county of Harrison, where it is alleged they reside, nor elsewhere to the knowledge of plaintiff; that said note was given for the rent of a house in which Mrs. Williams and her children resided, which was necessary for herself and children ; that it was rented at her instance and on her credit, and the note was given for it at her request.   These are substantially the allegations upon which the plaintiff's right to a judgment against the wife depends.   And though they are somewhat confusedly and inartistically pleaded, we think they should be held sufficient upon a general exception.   That the rent of a house when neither the husband nor wife has one, and he has neither separate nor community property to procure one necessary for the wife and her children, and its rent is a reasonable and proper debt for which she may charge her estate, admits of no question. That the condition of her husband warranted her in making the charge, and that it was made by her and at her instance, is substantially averred.   The statute authorizing the wife to charge her separate estate in this way requires that it shall be shown that the debt incurred was reasonable and proper.   That this debt was a proper liability to be incurred by her is plainly inferable from the facts stated.   But it is nowhere distinctly alleged that it was reasonable, and had the petition been excepted to on this ground it should have been sustained.   We incline, however, to the opinion that this is a character of defect which can only be reached by special exception.

For the error of the court in sustaining the defendant's general exception to the petition and amended petitions of the plaintiff, the judgment is reversed and the cause remanded to the District Court.

REVERSED AND REMANDED.