M. ROSENBAUM ET AL. V. M. A. HARLOE.

(No. 1461, Op. Book No. 3, p. —.)

APPEAL from Galveston County. Opinion by HURT, J.

§ 849. *Married woman; may sue alone, when; abandonment of husband, held sufficient on general demurrer.* The petition alleged as follows: "Plaintiff further represents that she is a married woman, but that her husband has abandoned her, and that she supports herself by her own exertions, and hence brings this suit as a *feme sole.*" *Held,* that this allegation was sufficient on

general demurrer to entitle the wife to maintain the suit without being joined by her husband. [Harris v. Williams, 44 Tex. 124; Wright v. Hays, 10 Tex. 130; Fullerton v. Doyle, 18 Tex. 3.] The rights and powers of the wife arise from the fact of abandonment, and not from the length of its continuance. It must be apparently a permanent desertion. If defendant had specially excepted to the petition because it did not allege that the abandonment by the husband was permanent, plaintiff would have had the right to amend. Not pointing out specially the defect, plaintiff was not informed thereof, so as to cure the same by amendment. [Kelley v. Whitmore, 41 Tex. 647.]

§ **850.** *Separate property of wife liable, when; allegations as to liability held sufficient on general demurrer.* The separate property of the wife is liable for debts only in cases for necessaries furnished the wife, or on her authority, for herself and her children, or for the benefit of her separate estate, which are *reasonable* and necessary. A petition which alleges facts from which it is plainly inferable that the debt is one properly chargeable upon the separate property of the wife is sufficient upon general demurrer, although it does not distinctly allege that the debt was *reasonable.* [Harris v. Williams, 44 Tex. 124.]

§ **851.** *Right of wife to sue alone; how questioned.* If facts exist which will defeat the right of the wife to sue alone, but such facts do not appear upon the face of the petition, they must be pleaded under oath and proven. The burden is upon the defendant to make good the plea. In this case the suit was brought by the wife alone, who recovered judgment in the court below, and the judgment was affirmed in an oral opinion. Upon a motion for rehearing, which was refused, a written opinion was delivered embracing the foregoing propositions.

February 16, 1883.              Affirmed.