## A. R. GOSSARD v. D. C. AND OTTILIE LEA.

### No. 149.

1. **Wife's Liability for Necessaries.** — The statute (Revised Statutes, article 2854) allows the wife to contract debts for necessaries furnished herself or children, and for expenses incurred by her for benefit of her separate estate. In order to bind her, she must either contract the debt or authorize it.

2. **Same — Husband Without Express Authority can not Bind the Wife's Separate Property.**—The husband, by virtue of his right under the law to manage her estate during coverture, can not bind the wife by contracts made for the benefit of her estate. As the husband, he is not such agent. His authority must be express, and will not be presumed because he is the husband.

3. **Same—Case in Judgment.**—The husband contracted for the erection of machinery upon a farm, the separate property of his wife. It was done without her knowledge. Subsequently she, with her husband, signed a note for the cost of the machinery. In action upon the note, *held*, that neither the wife nor her property was bound.

APPEAL from Travis. Tried below before Hon. W. M. KEY.

*Jones & Garwood*, for appellant. — 1. The wife, while enjoying the benefits of a contract, can not deny its obligations upon herself. Hartwell v. Jackson, 7 Texas, 577; Dalton v. Rust, 22 Texas, 133.

2. If Mrs. Lea, by signing the note sued on, induced the plaintiff to waive other security, giving full faith and credit to act of her husband, she is estopped from denying her liability upon said note. Cravens v. Booth, 8 Texas, 249.

*B. D. Orgain* and *Fowler & Maynard*, for appellees.—In order to warrant a judgment against Mrs. Lea for this debt, it was incumbent upon plaintiff to show that the machinery for which the note was given was placed upon her premises by express authority from her, and was for the benefit of her separate property, and that it was necessary for its preservation and protection. The authority of the husband to act as agent of the wife in matters of this kind will not be presumed, but must be expressly proved. Sayles' Civ. Stats., arts. 1205, 2854; Magee v. White, 23 Texas, 180; Haynes v. Stovall, 23 Texas, 627; Harris v. Williams, 44 Texas, 127.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by A. R. Gossard, appellant, against D. C. Lea and his wife, Ottilie Lea, appellees, on a promissory note signed by appellees for $1000, and interest at 10 per cent from the 1st day of January, 1889.

Appellees answered by general denial, and that Ottilie Lea was a married woman at the time the note was executed, and is still the wife of her codefendant, D. C. Lea, and is not liable on the note.

Plaintiff replied by general denial; and alleged, that on the 15th day of May, 1888, Ottilie Lea was and is the owner in her own separate right of 500 acres of land, 300 acres of which were in cultivation, upon which was produced annually large crops of corn and cotton. That on the 5th day of May, 1888, D. C. Lea, being the duly authorized agent of his wife, bought from plaintiff, for her use and the use of her farm, a complete engine, boiler, and "trimmings," reasonably worth $1000, for which he promised to pay plaintiff $1000; and afterwards, on the 15th day of June, 1888, plaintiff erected the machinery on the farm of Ottilie Lea at the special instance and request of D. C. Lea, acting for and by the authority and at the request of his wife, which machinery was affixed to her farm, and has ever since been used in the preparation of the crops grown on the same, and which was necessary to the proper use and enjoyment of the premises, which have thereby been enhanced in value $1500. That afterwards she expressly ratified the acts of her husband, and then became indebted to and promised to pay plaintiff the reasonable value of the machinery, to-wit, the sum of $1000; and afterwards she and her husband executed the note sued on, the consideration being the machinery and erection of the same on her land, and for the use and benefit of her separate estate; whereby she has become bound, etc. That she is estopped, because the machinery was furnished and erected upon her separate estate, has been and is now operated for her own use and benefit, with her full knowledge and consent, the reasonable profits of the same being $1000 per annum, which are appropriated to her own use.

Mrs. Lea filed supplemental answer, demurring to the answer of plaintiff, and denying the same; admitted that the land was her separate estate, and alleged, that she already had upon it machinery sufficient for the crops raised, and that there was no necessity for the machinery bought from plaintiff; that D. C. Lea notified him of this fact, but he induced her husband to believe it would be to his interest to erect larger machinery, who did so without her knowledge or consent; that D. C. Lea removed her machinery off the place, sold it for his own use, without her knowledge or consent, and replaced it with that bought from plaintiff to enable him (Lea) to operate a gin for the public, and it was so used.

She also specially denied that she had ratified or confirmed the purchase; and alleges, that at the time the note was signed by her she did not know the consideration of the same was for the machinery, and that the entire conduct of D. C. Lea was unauthorized by her and without her knowledge or consent.

The court sustained defendants' exceptions to plaintiff's plea of estoppel, granted him leave to file a trial amendment thereto, which adopted the averments of the original plea, and in addition set up, that D. C. Lea agreed to pay for the machinery on delivery thereof, or give notes with approved security as per written contract filed with the amendment; that

upon delivery of the machinery on the premises, D. C. Lea represented that it was for the benefit of Mrs. Lea's separate estate, and that she was amply good, and accordingly procured her signature to the note; and that plaintiff, confiding therein, accepted the note and waived other security.

It is also alleged, that since the execution of the note D. C. Lea had become bankrupt and wholly insolvent. That by the execution of the note by Mrs. Lea, plaintiff was induced to waive other security; that he in the sale was acting for D. June & Co., and relying upon the liability of Mrs. Lea, he took the note and accounted to his principals for the purchase money of the machinery.

The court below overruled the defendant's exceptions to this amendment of the plea of estoppel, and upon hearing rendered judgment for plaintiff against D. C. Lea for the amount due on the note, and in favor of Mrs. Lea, from which plaintiff has appealed.

Appellant's first assignment of error is, that the court erred in overruling his plea of estoppel.

A sufficient answer to this is, that the record does not sustain the fact that the plea was overruled as amended, but on the contrary, that it was sustained, and the evidence thereon admitted, which wholly failed to show that Mrs. Lea was estopped.

The facts of the transaction are as follows: Lea and wife did not reside on the land, which was the separate property of Mrs. Lea. Gossard, the plaintiff, came to D. C. Lee's store in Bastrop and offered to sell him the machinery, as agent for D. June & Co. Lea informed the plaintiff that the machinery on the farm (same described in petition) was sufficient for the requirements of the place. Gossard insisted on selling the machinery, saying that it would enable Lea to gin and grind for the public, in addition to answering the requirements of the farm. Lea then ordered the machinery, obligating himself in writing to pay the agent the sum of ———— dollars (the amount left blank in the contract), or to execute to D. June & Co. or their agent notes with approved security, as follows: "Said notes to draw —— per cent interest per annum from date until paid, to be paid annually, if not at maturity. Note for $1000, due January 1, 1889."

Before taking the order plaintiff satisfied himself that the land upon which the machinery was to be delivered and erected was the separate estate of Mrs. Lea. Plaintiff "did not see Mrs. Lee," he says, "for the reason that by general repute her husband managed for her." He thought it was all right, as the machinery was intended to be put on her farm. Lea told him that he intended to sell the machinery on the place, if he purchased new machinery. Plaintiff delivered and put up the machinery on Mrs. Lea's farm as alleged, and after this Lea took the note sued on

and went down to Bastrop, had his wife to sign it, returned, and delivered it to plaintiff. Plaintiff, not doubting that she was liable, received the note in compliance with the contract of purchase. The note was made payable to plaintiff, and he accounted to his principals, as he was allowed a higher rate of commisssons on cash than credit sales. Lea was insolvent at the time of trial.

Lea took the old machinery off and sold it for $800, and used the money to pay his debts. When plaintiff put up the machinery Lea informed him that he (Lea) had sold the old machinery which plaintiff had taken down.

Lea took the note to his wife to sign. She on this request replied, that she had signed several notes for him and did not wish to sign any more. He told her that he needed it in his business, and she signed it; she did not know for what purpose the note was given; knew nothing of the new machinery until about a week after it was put up, when she went on a visit to the farm. Seeing it, she inquired what it was. She did not authorize Lea to buy it; he bought it without her knowledge or consent. Lea was not her agent, further than acting as her husband. Nothing was said about her at the time the order was made.

After the machinery was put up, plaintiff informed D. C. Lea that he would not require him (Lea) to go out of his family for security, and that if his wife would sign the note he (plaintiff) would accept it; and after it was signed he accepted it as a compliance with the contract for security.

The main question in the case is raised by an assignment of error that the court erred in rendering judgment for Mrs. Lea.

The facts do not show that she was liable on the note.

The statute allows the wife to contract debt for necessaries furnished herself or children, and for expenses incurred by her for the benefit of her separate estate. Rev. Stats., art. 2854.

She would be liable for such expenses incurred or improvements made upon her separate estate by her authority; but in order to bind her, she must either contract the debt or authorize it. The husband, by virtue of the right under the law to manage her separate estate during coverture (Revised Statutes, article 2851), can not bind her by contracts made for the benefit of her estate. As the husband, he is not such agent. His authority must be derived as that of any other agent; it must be express, and will not be presumed because he is the husband. Harris v. Williams, 44 Texas, 124; Magee v. White, 23 Texas, 180; Hutchinson v. Underwood, 27 Texas, 255; Warren v. Smith, 44 Texas, 245; Haynes v. Stovall, 23 Texas, 626.

The uncontradicted evidence shows that Mrs. Lea did not so authorize her husband, and that she was not aware of the change made in her ma-

chinery on her farm until after it was done, and after she had signed the note.

She could not be held to have ratified the acts of her husband by signing the note, because she at the time had no knowledge of the facts. The note was but a simple promissory note, which on its face created no obligation against her, and it contained nothing to notify her that by signing it she was ratifying the contract made by her husband.

The facts do not disclose any element of estoppel against her, or any fraud on her part. Her husband's contract to furnish security for the payment of the price of the machinery, without her knowledge or consent, was not binding upon her. She made no such representations to plaintiff, nor did she deceive him by any act or expression. He relied solely upon the contract of Lea, and upon his own belief that she would be liable if she signed the note. He knew the premises belonged to her, and may have thought she would be liable for improvements upon it; he also knew that the machinery upon her property was sufficient for its use and enjoyment, and that the additional machinery was to enable Lea to use it for profit in ginning for the public. We do not find that as to these facts he was deceived by Lea, and certainly not by Mrs. Lea.

He may have supposed that she signed the note with full knowledge of the facts. Lea did not so inform him; and if he had done so, it would have been no fraud by his wife, the fact being otherwise. Plaintiff accepted the note signed by her as a compliance with the contract made by Lea, upon the assumption that it was a legal obligation, binding upon her. In this he was mistaken. She was not bound by estoppel, by contract, or by the fact that the machinery was placed upon her property, it having been done without her authority or consent.

The judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*

Delivered March 1, 1893.

Justice KEY did not sit in this case.