### BRUCE HUDSPETH v. THE STATE.

#### No. 3958. Decided October 14, 1908.

**Theft of Cattle—Husband and Wife—Separate Property.**

Where upon trial for theft of cattle the evidence showed that the alleged property belonged to the wife and that she never had given her consent to the sale of the cattle by the husband to the prosecuting witness, from whom the cattle were alleged to have been stolen; and there was no ratification of the said wife of the said sale, no title passed to the prosecuting witness thereby, and defendant could not be guilty of stealing the cattle from said prosecuting witness. Following Magee v. White, 23 Texas, 194, and other cases.

Appeal from the District Court of San Augustine. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wm. McDonald,* for appellant.—Cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft of cattle, and his punishment assessed at two years confinement in the penitentiary.

The only question we deem necessary to pass upon is the sufficiency of the evidence. The State's evidence shows that appellant sold a cow and calf for some household furniture to the prosecuting witness. The cow and calf, at the time of the sale, were in a field at the home place of appellant; various other head of cattle were also in the field. The State's evidence further shows that appellant subsequently, with the consent of his wife, sold the cow and calf in question to a third party. Upon this state of facts the State rests its conviction for theft, on the part of appellant, of the cattle. The defense testimony shows that the cattle in question belonged to the wife; that she never had given her consent for the cattle to be sold to the prosecuting witness Howard. Appellant also swears that he did not sell the animals in question to the prosecuting witness. Appellant admits he bought some furniture from prosecuting witness, for which he still owed him. The wife admits the furniture was brought to her house. So, the above is, in substance, the evidence in this record.

We, therefore, have a case, from the State's standpoint, of a sale by the husband of the wife's personal property without her consent, acquiescence or knowledge. There must be in law an affirmative, or at least a clear ratification of an unauthorized sale by the husband on the part of the wife of her property before there could be any valid sale, or there must be an express authority given the husband by the wife to sell the property. The above detailed facts do not show either, express authority or ratification. In the case of Magee v. White, 23 Texas, 194, in passing upon a similar question, the Supreme Court of this State used the following language: "The husband may be her agent to make a contract that will bind her separate estate, but it is not to be presumed that he is her agent because he is her husband. The agency must be an agency in fact and not a thing to be presumed because of the relation of husband and wife." This decision has been followed by a long line of decisions of the supreme Court; among others: Gossard v. Lea, 3 Texas Civ. App., 6; 21 S. W. Rep., 703; see also Owens v. New York & Texas Land Co., 11 Texas Civ. App., 292; Hamilton v. Brooks, 51 Texas, 142, and Kempner v. Comer, 73 Texas, 200.

The evidence showing, as above suggested, that the husband had no legal right to sell the wife's cattle, then no title passed to the prosecuting witness by such supposed sale, even conceding that said sale took place. There being no legal sale to the prosecuting witness of the cattle, in the nature of things appellant could not steal the cattle from the prosecuting witness. It follows, therefore, that the evidence is wholly insufficient to support this conviction.

The judgment is, therefore, reversed and the cause .is remanded.

*Reversed and remanded.*