## MILLER v. CITY OF ABILENE et al.
### No. 920.

Court of Civil Appeals of Texas. Eastland.
July 3, 1931.

Rehearing Denied Oct. 23, 1931.

Scarborough, Ely & King, of Abilene, for appellant.

Henry L. De Busk, of Abilene, for appellees.

FUNDERBURK, J.

This suit as originally filed was brought by the city of Abilene and H. L. De Busk, a citizen of Taylor county, against Hattie Miller to enjoin the latter from operating two hotels in Abilene known as the "Metropolitan Hotel" and "Grand Central Annex." One of the grounds alleged for the injunction was the operation of said hotels without a permit from the governing body of the city under

some provision of the city charter requiring such permits. This basis for the injunction granted will not be further considered, since both in oral argument and in the brief it seems to have been abandoned.

Appellee states that the action was brought under R. S. 1925, arts. 4664–4666. However, the chief contentions of the appellant, as well as the record itself, raise a question in our minds whether the action may not have been intended to be brought under article 4667 as well. Briefly, the petition alleged each and all of the facts which may constitute a nuisance as defined in article 4664, all of which can be dismissed from consideration as having been waived or abandoned, except the allegations to the effect that said hotels are places where persons resort for the purposes of prostitution and that the defendant (thereby) is knowingly and wittingly maintaining a nuisance. The allegations which have raised a question in our minds whether a cause of action may not have been attempted to be stated under R. S. 1925, art. 4667, is as follows: " * * * Said hotels are openly run in defiance of law, and negroes are stationed at the entrance thereof for the purpose of soliciting men for carnal communication with lewd women and sexual intercourse with them, and the practice has become so common and so notorious that the said places are nothing more nor less than bawdy houses run openly and in defiance of constituted authority in the heart of this city." This question will be given further notice when we come to consider appellant's propositions.

Upon the filing of the petition the court set the matter down for hearing after ordering that notice be given the defendant. Subsequently a pleading was filed by Gray Brown, county attorney of Taylor county, purporting to be filed in behalf of the state, which simply adopted and made the pleadings of the plaintiffs, city of Abilene et al., the pleadings of the plaintiff, the state of Texas. The defendant having answered, the case was tried on its merits. Special issues were submitted to a jury, the only one deemed material being as follows: "Has the defendant, Mrs. Hattie Miller, knowingly permitted prostitutes to remain in the two hotels in question and ply their trade therein? Answer 'Yes' or 'No.' " To this question the jury answered, "Yes."

The judgment of the court shows the city of Abilene to be the plaintiff and Mrs. Hattie Miller the defendant, and makes no reference to the state of Texas as a party. This decree provided: " * * * That the said Hattie Miller be and she is hereby enjoined from operating said hotels, to-wit: Metropolitan and Grand Central Annex, Abilene, Texas, for one year from date, and that the defendant pay the costs of this suit." It further ordered the clerk to issue the necessary writ embodying a copy of the judgment enjoining the defendant from operating the said hotels. The defendant has prosecuted this appeal, and upon motion of the appellee the cause has been advanced.

By her first proposition appellant insists that, in order to sustain the judgment, the evidence must show that the appellant habitually used her premises for running a bawdyhouse, and the evidence wholly fails to show that she did run a bawdyhouse. By her second proposition it is contended that, in order to establish the right of the state to an injunction in a case of this character, it is necessary to show that the premises sought to be enjoined are habitually used as a bawdyhouse, and the evidence at bar wholly fails to show that the house was habitually used as a bawdyhouse.

■ These propositions, when considered in connection with the special issue above mentioned, and upon which the judgment of the trial court is based, suggest that the appellant regards the action in question to be based upon article 4667, and not exclusively upon articles 4664 to 4666, inclusive. The special issue was an imperfect submission under either article 4664 or 4667. Yet, in the absence of objection to the manner of submission, we are unable to say that it was insufficient under either. If it was intended as a submission under article 4667, it should have required a finding that the use was habitual. The failure to do so would have to be taken advantage of by seasonable objection to the form of the issue. If the issue was designed to call for a finding of the facts necessary to constitute a nuisance under article 4664, then it was not necessary that it call for a finding as to habitual use. Proper issues under article 4664 would call for findings: First, as to whether the hotels were places where persons resort for the purpose of prostitution; and, second, whether the defendant Hattie Miller was guilty of maintaining the same as a nuisance. In case of the submission of such issues, had the appellant considered that there was no evidence, or that the evidence was insufficient to support either or both of same, it would have been necessary to raise such questions by proper assignments. Questions thus raised of no evidence or insufficient evidence would be subject to being tested by the provisions of article 4665, and if there was no evidence that the prohibited acts were *frequently* committed in said places, then perhaps an assignment that there was no evidence could be sustained. We doubt, however, if, with reference to the facts of the existence of a nuisance independently of the question of the defendant's guilt in maintaining same, there could arise a question of no evidence where there was testimony as to the general reputation of the houses. Such testimony that the general reputation was bad would constitute some evidence.

Under article 4667 the court had no power to adjudge that the houses be closed against lawful uses. The judgment in question must therefore necessarily be referred to articles 4664 to 4667. As said before, we are unable to say that the special issue was not sufficient under same. This being true, appellant's said first and second propositions cannot be sustained. The issue as submitted embodied two material issues in one. Appellant urges no complaint to that, and the contention that he does make would only be applicable if the judgment was wholly dependent upon article 4667, which is not the case.

Appellant's other propositions make the point that it was error to admit evidence of general reputation of the house. That question, we think, is foreclosed by the terms of the statute itself. Article 4665, among other things, provides that: "Evidence of general reputation of said houses shall also be admissable to prove the existence of said nuisance." If the statute is valid, a matter which we assume, it seems to us to settle the question.

■ What we have said may be in need of some clarification which perhaps can best be done by stating briefly our construction of the statutes in question. As already forecast, if the facts relied upon to show a nuisance under articles 4664 to 4666 be that a hotel is a place where persons resort for the purpose of prostitution, two issues are involved, one involving such fact and the other that the defendant is guilty of maintaining a nuisance. To be guilty of maintaining such nuisance, the person must knowingly maintain or assist in maintaining the same. Proof of knowingly permitting the same is prima facie established by proof that the prohibited acts are *frequently* committed. Knowledge may be shown that the law is being violated in the house by evidence of convictions of persons for committing the acts. The convictions in turn may be proven by original papers and judgments, or certified copies, aided by parol evidence, if necessary, to show that the convictions were for offenses occurring in the house. On the question of the existence of the facts claimed to constitute a nuisance evidence of general reputation is admissible. When a nuisance is proved under the statutes mentioned, the judgment shall abate the nuisance and enjoin the defendant from maintaining same. Such a judgment is permanent. It is not limited to one year or for any certain time. In addition to this, the judgment should order that said house be closed for one year from the date of the judgment, unless the defendant in said suit or the owner, tenant, or lessee of said property makes the bond described in article 4666. We do not construe this statute to empower the court to decree absolutely that any hotel, rooming house, etc., mentioned in article 4664 may be closed so as to prohibit the conduct of any lawful business therein. We question, without deciding, whether such a provision would be valid. The court is empowered to order the closing of such house for one year "unless the defendants in said suit or the owner, tenant or lessee of said property make bond payable to the state at the county site of the county where such nuisance is alleged to exist, in the penal sum of not less than $1,000.00 nor more than $5,000.00, with sufficient sureties to be approved by the judge trying the case, conditioned that the acts prohibited in this law shall not be done or permitted to be done in said house." The court is not empowered to order the closing of the house except upon the condition named, and any such judgment, we think, ought to state such condition and prescribe the amount of the bond required to be given.

If this interpretation of the statute is correct, then the appellant has evidently misconstrued same. The record clearly reflects that appellant, as well as appellee and the trial court, considered that the giving of the bond merely worked a supersedeas of the judgment pending appeal. We think, however, the giving of the bond does not, properly speaking, work a supersedeas at all. It is a right given not only to the defendant but to the owner, tenant, or lessee of the property to prevent its being closed for legitimate purposes for any time. When the bond is given, all provisions of the judgment remain permanently in effect just the same as before. By the terms themselves of a proper judgment the house is not to be closed if the bond is given; and the injunction abating the use of the premises for the unlawful purposes and enjoining the same continues, not for one year, but permanently. The state is protected by the bond, not only against the acts of the defendant, but the owner, tenant, or lessee of the property, and in addition to that the injunction remains in force as against the defendant, subject to being executed by means of contempt proceedings to prevent the unlawful acts.

No such power for closing a building so as to prohibit its use for a lawful purpose is given under article 4667. Under that statute only the unlawful acts may be restrained.

If we correctly interpret the statutes, then the judgment in this case is erroneous on its face. In the first place, it limited the injunction to one year. That may be said to be in favor of appellant and not one of which she is entitled to complain. But the judgment erroneously prohibits the defendant from operating the hotels for one year. This could only have been ordered upon the alternative that neither she nor the owner, tenant, or lessee of the property filed a bond in some amount within the limits fixed by the statute and designated in the judgment. If the statute is not invalid by reason of some constitutional defect, a matter which we do not here consider, but assume the contrary, the judg-

ment might have ordered the houses to be closed and such order would have been effective, not only as to the defendant, but the owner or subsequent lessees and tenants, subject to being relieved of same by the execution of the bond. We think such error is so material and patent that it calls for a reversal of the case.

Upon another trial the pleadings should make certain and definite which statutes are relied upon, and issues should be framed and submitted to provide the proper findings with reference to the different statutes if more than one be relied upon. If relief is granted as provided in article 4666, the judgment should be framed as above indicated. The judgment should make plain that the state is a party plaintiff.

It being our opinion that the judgment of the trial court should be reversed and remanded, it is accordingly so ordered.