## McCOLL et ux. v. HARDIN ex rel. STATE.
### No. 9273.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 28, 1934.

Rehearing Denied March 28, 1934.

R. M. Bounds, of McAllen, for appellants.

Sid L. Hardin and J. E. Leslie, both of Edinburg, for appellee.

MURRAY, Justice.

Hon. Sid L. Hardin, as county attorney of Hidalgo county, instituted this suit against Mr. and Mrs. A. J. McColl, seeking an injunction and an order closing for one year a certain dance hall known as Club Royale, sit-

uated in the city of McAllen, owned and operated by the appellants, Mr. and Mrs. McColl. The relief was sought under the provision of article 4664, R. S. 1925, which reads as follows:

"Art. 4664. *Nuisance.*—Any hotel, rooming house or boarding house, country club, garage, rent car stand or other place to which the public commonly resort for board or lodging or commonly congregate for business or pleasure, where intoxicating liquors are kept, possessed, sold, manufactured, bartered or given away, or to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquor, or where intoxicating liquors are furnished to minors or to students of any educational institution, or where persons resort for the purpose of gambling; or for the purpose of prostitution, is hereby declared to be a common nuisance. Any person who knowingly maintains or assists in maintaining such a place is guilty of maintaining a nuisance. (Acts 2d O. S. 1923, p. 57.)"

The record discloses that officers had been to this dance hall on several occasions and seen those present seated at tables mixing drinks using liquor presumably brought with them to the dance and cracked ice and cold drinks purchased at the "Club Royale." Two employees had been arrested for selling liquor but both had been promptly discharged by the appellants. In fact one was arrested at the request of Mr. McColl, who had telephoned for an officer. Appellants attempted in many ways to prevent violation of the liquor laws upon their premises.

The trial was to a jury. Two questions were submitted by the trial court, as follows:

"Special Issue No. 1: Do you believe and find from a preponderance of the evidence that the Dance Hall known as Club Royale *is a place where there is either kept, possessed, sold, bartered or given away, intoxicating liquors?*

"Special Issue No. 2: Do you find and believe from a preponderance of the evidence that said room or dance hall conducted under the name of 'Club Royale' is a place to which persons resort in assembling of two or more persons to the room for the purpose of drinking intoxicating liquors?"

The jury answered issue No. 1, "Yes" but were unable to agree upon an answer to issue No. 2. Upon this finding of the jury, the trial judge entered judgment decreeing the dance hall to be a common nuisance and perpetually enjoining the use of the hall as a dance hall or place of amusement and directing the sheriff to close the same for a period of one year.

The appellee has not favored us with a brief in this case, but we gather from the record that appellee's contention in the trial of this case, as shown by his opening statement to the jury, was to the effect that this suit was an action in rem, a suit against a dance hall and not a suit against Mr. and Mrs. McColl. We cannot agree with this contention. The Legislature did not intend, by enacting article 4664, that a person's property could be condemned, in whole or in part, without the necessity of his being a party to the suit. In fact, article 4666, R. S. 1925, which provides for the bringing of actions under the provisions of article 4664, expressly states that such actions shall be brought "against whoever maintains such nuisance. * * * *" Any other construction of article 4664 would render it void as being contrary to the due process clause of the U. S. Constitution, article 14, § 1: "* * *" Nor shall any State deprive any person of life, liberty, or property, without due process of law. * * *"

If this judgment is upheld, it must be done upon the jury's affirmative answer to issue No. 1, which constitutes a finding that intoxicating liquors were kept, possessed, sold, manufactured, bartered, or given away in this dance hall. There is no finding that this was done by appellants or with their knowledge, acquiescence, or consent. Before the property of a person can be confiscated, or its free use enjoined under the provisions of articles 4664, 4665, and 4666, R. S. 1925, it must be established that such violations of the liquor laws have been taking place either with his consent or acquiescence.

In this case no such issue was requested by either party or given by the court. We are aware of the rule that an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such findings. Article 2190, R. S. 1925, as amended by Acts 1931, c. 78, § 1 (Vernon's Ann. Civ. St. art. 2190); Rose v. O'Keefe (Tex. Com. App.) 39 S.W.(2d) 877.

The implied finding contemplated by article 2190 is as to any issue other than one constituting a complete ground of recovery or a complete defense. Barron v. Tex. Employers' Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464.

Those issues which do constitute a complete ground of recovery or a complete defense, which are neither submitted nor requested, are waived. Forreston Gin Co. v.

Waxahachie Nat. Bank (Tex. Civ. App.) 31 S.W.(2d) 355; Hart v. Martin (Tex. Civ. App.) 299 S. W. 520; Speer's Law of Special Issues, p. 579, § 452.

■ The main ground upon which appellee could secure the relief sought in this case would be the consent or acquiescence by appellants to the violation of the liquor laws on their premises. Such issue not being submitted to the jury, there are not sufficient findings by the jury to support the judgment, this not being such an incidental or collateral matter as may be furnished by implied findings.

■ The judgment is fatally defective in another particular. It perpetually enjoins the appellants from using the hall as a dance hall and place of amusement. These are not unlawful purposes and cannot be enjoined in an action brought under article 4664. The only uses of this hall which could be perpetually enjoined would be unlawful uses. Miller v. City of Abilene (Tex. Civ. App.) 42 S.W.(2d) 842.

■ The appellants further complain that much of the testimony introduced was incompetent because secured as the result of an unlawful search. Article 727a of the Code of Criminal Procedure, 1925, provides that "no evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." This rule has been strictly adhered to in criminal cases, but the rule is to the contrary in civil suits. While this suit is quasi criminal in its nature, it cannot be said to be a criminal case, and therefore the rule calling for the suppression of evidence in a criminal case, where obtained as the result of an unlawful search or seizure, does not apply in this case, and the testimony of the officers was properly admitted. We have not taken occasion to determine whether or not this evidence was obtained as the result of an unlawful search, but dispose of the matter by concluding that even though unlawfully obtained, the evidence is admissible in a proceeding of this nature.

■ Appellants further contend that there is no evidence as to their consent or acquiescence in the violations of the liquor laws and that we should here render this cause in their favor. There was at least circumstantial evidence in the record from which the jury could have properly found acquiescence on the part of appellants, therefore we will not render this cause, but will reverse the judgment of the trial court and remand the cause.

Reversed and remanded.