

# THE ATTORNEY GENERAL
# OF TEXAS



GROVER SELLERS ·

AUSTIN 11, TEXAS

Honorable R. H. Jones
County Attorney, Polk County
Livingston, Texas

Opinion No. 0-6966

Re: When a criminal prosecution
for unlawfully possessing
whiskey in a dry area for
purpose of sale is dismissed
because the whiskey to be
used as evidence was seized
illegally, what is the legal
disposition of such whiskey?

Dear Sir:

We have received your recent inquiry, from which we quote as follows:

"A Search warrant was issued by a Justice of the Peace to search the residence and premises of one Jewell Patterson. The Search Warrant was supported by the affidavit of only one person, a deputy sheriff, stating that Alcoholic Liquors were being kept and sold from there.

"The officers went to said residence and found therein 38 quarts of regular sealed, labeled, and taxed whiskey, which the sheriff took into his possession, receipted said Patterson for same, and sent one copy inventory-receipt report to the Liquor Control Board, as provided in Art. 666-30, (b).

"The case was set for trial. Patterson had secured council and the case was called for trial Nov. 30, 1945. The Defendants council moved to quash the Complaint on the grounds that the Liquor was seized under illegal Search Warrant in that only one affidavit supported it. This objection appeared to me to be well founded, after reading Art. 666-20, and believing that I could not expect to get a conviction in the case, I asked the Judge to dismiss the case, which he did.

"Now, the question is, What shall be done with the Liquor? I have failed to find any law applicable to such a case. The defendant's council, though requested, has

failed to produce any law on the matter. It is unfortunate that the Search Warrant was defective, for it is very evident that the liquor was possessed for the purpose of sale. The Defendant lives in a very modest farm home and from every visible appearance, a person of very small means, and not one who would have had such an amount of liquor for his own use. Since the case is dismissed, are the officers required to let defendant recover the liquor?"

Article 666-20, Vernon's Annotated Penal Code of the State of Texas, on the subject of searches and seizures under the Texas Liquor Control Act, appears as follows:

"A search warrant may issue under Title 6 of the Code of Criminal Procedure for the purpose of searching for, seizing, and destroying any alcoholic beverage possessed, sold, transported, manufactured, kept, or stored in violation of the provisions of this Act; for the purpose of searching for and seizing any equipment and instrumentality used for, capable of use for, or designed for use in the manufacturing of any illicit beverage or any vehicle or instrumentality used or to be used for the illegal transportation or storage of any illicit beverage, unlawful equipment, or materials used or to be used in the illegal manufacturing of any illicit beverage and for the purpose of searching for and seizing any forged or counterfeit stamp, die, plate, official signature, certificate, evidence of tax payment, license, or other instrument pertaining to this Act, or any instrumentality, or equipment, or parts thereof used or to be used, designed, or capable of use for the manufacturing, printing, etching, inditing, or any other way bringing into existence any forged or counterfeit stamp, die, plate, certificate, official signature, evidence of tax payment, permit, license, or any other instrument pertaining to this Act.

"Search warrants may be issued by any magistrate upon the affidavit of a credible person, setting forth the name or description of the owner or person in charge of the premises to be searched, or stating that his name and description are unknown, the address or description of the premises, and showing that the described premise is a place where some specified phase or phases of this Act are violated or are being violated. If the place to be searched is a private dwelling occupied as such and no part thereof is used as a store, shop, hotel, boarding house, or any purpose other than a private residence such affidavit shall be made by two (2) credible persons.

"Except as herein provided the application, issuance, and execution of any such warrant and all proceedings relative

thereto shall conform as near as may be to the provisions
of Title 6 of the Code of Criminal Procedure.

"All such alcoholic beverages and articles shall be
seized by the officer executing the warrant and shall not
be taken from the custody of any officer by writ of replev-
in nor any other process but shall be held by such officer
to await final judgment in the proceedings.  It is not in-
tended by the provisions of this Section that a search war-
rant shall be required for any peace officer or any agency,
representative, or inspector of the Board to search any
premise covered by any permit or license under the provi-
sions of this Act."  (Underscoring added for emphasis.)

Article 666-42, Vernon's Annotated Penal Code of the State of
Texas, on the subject of seizure of liquors and the disposition of same,
appears as follows:

"(a)  All alcoholic beverages declared by this Act to
be a nuisance, and all illicit beverages as defined by this
Act, may be seized with or without a warrant by an agent or
employee of the Texas Liquor Control Board, or by any peace
officer, and any person found in the possession or in charge
thereof may be arrested without a warrant.  No alcoholic
beverages or articles so seized shall be replevied, but shall
be stored by the Board, or by the sheriff of the county where-
in the seizure was made, to be held for final action of the
court as hereafter provided.

"(b)  It shall be the duty of the Attorney General, the
District Attorney, and the County Attorney, or any of them,
when notified by the officer making the seizure, or by the
Texas Liquor Control Board, that such seizure has been made,
to institute a suit for forfeiture of such alcoholic bever-
ages and property, such suit to be brought in the name of
the State of Texas in any court of competent jurisdiction
in the county wherein such seizure was made.  Notice of pend-
ency of such suit shall be served in the manner prescribed by
law and the case shall proceed to trial as other civil cases.
If upon the trial of such suit it is found that alcoholic
beverages or property are a nuisance or were used or kept in
maintaining a nuisance, under the terms of this Act, or that
the alcoholic beverage is illicit, as defined by this Act,
then the court trying said cause shall render judgment for-
feiting the same to the State of Texas and ordering the same
disposed of as provided for by Section 30 of this Article.
The costs of such proceedings shall be paid by the Board,
out of funds derived under the provisions of said Section 30,
or from any other fund available to the Board for such purpose.

"(c)  As to any property or articles upon which there may be a lien, by a bona fide lien holder, the holder of such may intervene to establish his rights and shall be required to show such lien to have been granted in a bona fide manner and without knowledge of the fact at the time of creation of the lien, that any article or property upon which such lien exists had been used or was to be used in violation of this Act.  If the holder of any such lien shall intervene, then the court trying said cause shall render judgment forfeiting the same to the State of Texas, and authorizing the issuance of an order of sale directed to the sheriff or any constable of the county wherein the property was seized, commanding such officer to sell said property in the same manner as personal property is sold under execution.  The court may order such property sold in whole or in part as it may deem proper and the sale shall be conducted at the courthouse door.  The money realized from the sale of such property shall be applied first to the payment of the costs of suit and expenses incident to the sale and after such expenses have been approved and allowed by the court trying the case, then the further proceeds of such sale shall be used to pay all such liens according to priorities and any remaining proceeds shall be paid to the Board to be allocated as provided in Section 30 hereof.  All such liens against property sold under this Section shall be transferred from the property to the proceeds of its sale.

"(d)  The sheriff executing said sale shall issue a bill of sale or certificate to the purchaser of said property, and such bill of sale or certificate shall convey valid and unimpaired title to such property."  (Underscoring added.)

Article 666-3a, V.A.P.C., defines the term "Illicit Beverages" as used in Article 666-42, supra, as follows:

"'Illicit Beverage' shall mean and refer to any alcoholic beverage manufactured, distributed, bought, sold, bottled, rectified, blended, treated, fortified, mixed, processed, warehoused, stored, possessed, imported, or transported in violation of this Act, or on which any tax imposed by the laws of this State has not been paid and the tax stamp affixed thereto; and any alcoholic beverage possessed, kept, stored, owned, or imported with intent to manufacture, sell, distribute, bottle, rectify, blend, treat, fortify, mix, process, warehouse, store, or transport in violation of the provisions of this Act."  (Underscoring added.)

Subsection (b) of Article 666-4, V.A.P.C., declares the following to be in violation of the Texas Liquor Control Act:

"(b).  It shall be unlawful for any person in any dry area to manufacture, distill, brew, sell, possess for the purpose of

sale, import into this State, export from the State, transport, distribute, warehouse, store, solicit or take orders for, or for the purpose of sale to bottle, rectify, blend, treat, fortify, mix, or process any liquor, distilled spirits, whiskey, gin, brandy, wine, rum, beer or ale." (Underscoring added.)

You state that the criminal proceedings, based on the seizure in question, have been dismissed. Even if such proceedings had resulted in a conviction, in order to dispose of said seized liquor legally, it would be necessary to proceed under Article 666-42, supra, to declare such liquor an "illicit beverage", i.e., unlawfully possessed in a dry area for the purpose of sale. We do not believe the civil proceedings under Article 666-42, supra, to be dependent upon a criminal conviction as a matter of law. As a practical matter, a prior conviction for a criminal offense concerning the subject matter of the seizure is highly desirable and, in some cases, almost a necessity. In the case in question, you may file a forfeiture suit against such seized liquor under Article 666-42, supra, and attempt to prove same an "illicit beverage", i.e., possessed in violation of the Texas Liquor Control Act. This being a civil proceeding, Article 727a, Code of Criminal Procedure, prohibiting the use of evidence illegally obtained on the trial of any criminal case, does not control, and the result of the search and seizure in question would be competent evidence therein. See McCormick and Ray, Texas Evidence, page 308; Allison v. American Surety Company, 248 S. W. 829 (Civ. App.); and McColl et ux v. Hardin, 70 S. W. (2d) 327 (Civ. App.).

Whether or not a proceeding under said Article 666-42 would be warranted in the instant case can best be determined by you. The strength of available proof as to the criminal intent of the possessor of such liquor would be a matter to consider. While the possession of more than one quart of whiskey would invoke the legal presumption of criminal intent as to its contemplated use, yet it is a presumption only and rebuttable by contrary proof.

In the event no proceeding of forfeiture is instituted under said Article 666-42, as outlined above, or if said proceeding is instituted and judgment is rendered therein against the State of Texas, then the said liquor should be returned to the person from whom it was seized.

Trusting this satisfactorily solves your problem, we are

Yours very truly,

APPROVED DEC 17 1945

/s/ Grover Sellers

ATTORNEY GENERAL OF TEXAS

RLL:gb:lm

ATTORNEY GENERAL OF TEXAS

By  /s/ Robert L. Lattimore, Jr.
        Robert L. Lattimore, Jr.
                    Assistant

APPROVED
OPINION
COMMITTEE
BY /s/ GWB
CHAIRMAN